(January 25, 1886.)

## PEOPLE v. BARNES.

[9 Pac. 532.]

EVIDENCE.—The provision of our Code of Civil Procedure, section 897, that "the credibility of witnesses may be drawn in question by evidence affecting their character for truth, honesty and integrity, is simply declaratory of the common law, and establishes no new rule for the impeachment of witnesses."

CRIMINAL PRACTICE.—When the evidence in a criminal trial is not sufficient to sustain a conviction, the remedy by defendant is by motion asking the court to instruct the jury to find a verdict of not guilty. A motion to nonsuit is not proper in criminal practice.

INCEST.—The crime of incest may be committed by one party to the act without the consenting mind of the other party thereto.

(Syllabus by the court.)

APPEAL from Second Judicial District, Alturas County.

Alanson Smith and Angel & Sullivan, for Appellant.

The court erred in refusing defendant's motion for a nonsuit; the crime proven was rape, if anything, having been committed by force. (*De Groat v. People,* 39 Mich. 124; *People v. Jenness,* 5 Mich. 305, 321; *People v. McDonald,* 9 Mich. 150; *People v. Hanidan,* 1 Park. Cr. Rep. 244; *State v. Shear,* 51 Wis. 460, 8 N. W. 287; *Croghan v. State,* 22 Wis. 444; *Noble v. State,* 22 Ohio, 541; *State v. Thomas,* 53 Iowa, 214, 4 N. W. 908; *Spear v. State,* 60 Ga. 381; *State v. Caldwell,* 8 Baxt. (Tenn.) 576; *Baumer v. State,* 49 Ind. 544, 19 Am. Rep. 691.)

D. P. B. Pride, Attorney General, for People.

No brief found on file.

BUCK, J.—The defendant was convicted on an indictment for an offense under section 129, chapter 10, Crimes and Punishment Act, page 353, of our Revised Laws of 1875. The section reads as follows: "Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, who shall intermarry with each other, or who shall commit fornication or adultery with each other, shall, on conviction, be punished by imprisonment in the ter-

ritorial prison not less than one nor more than ten years." The indictment specifies the offense charged therein as a felony, and in the charging part uses substantially the words of the statute.

In the argument on appeal three errors—one of instruction to the jury, one of ruling upon the admission of evidence, and one of the refusal to nonsuit the prosecution—were especially insisted upon. In the bill of exceptions the alleged errors in instructions of the court are specified in the following words: "5. The court erred in refusing to give the instructions asked for by the defendant; 6. The court erred in giving the jury the instructions asked for by the prosecution."

The particular error in the charge of the court set out in appellant's brief, and argued on appeal, is in the giving the following instruction: "The defendant is indicted for the crime of incest. Under the laws of this territory persons being within the degrees of consanguinity within which marriages by law are declared to be incestuous and void, who shall intermarry with each other, or who shall commit fornication or adultery with each other, are guilty of incest." It is claimed that the offense here charged is not incest, and that defendant was tried for an offense not charged in the indictment, and the jury misled by this instruction. We are able to see in this instruction nothing more than a recitation of the elements of the offense set out in the statute, and as charged in the indictment, with the addition of the name of the offense as it would have been designated at common law. An inspection of the record, however, shows that this definition of the offense was asked for by the defendant. It is hardly necessary to say that one cannot complain of an error, even had it existed, which was made at his own request.

The error in the admission of evidence, as specified in the bill of exceptions, was in the refusal by the court to allow the following questions to be answered: "1. You may state if you know whether Maggie Barnes is a truthful girl; 2. You may state whether Maggie has repeatedly told falsehoods." The authority relied upon by appellant as sustaining his exceptions to the ruling of the court in refusing answers to these questions is an alleged ruling of the court in the famous case of

*Sharon v. Sharon,* 79 Cal. 633, 22 Pac. 26, 131, not produced upon the argument, and section 897 of our Code of Civil Procedure. That section provides that "in every case the credibility of the witness may be drawn in question by evidence affecting his character for truth, honesty, or integrity." This section adds nothing to the well-established rules of impeaching the credibility of witnesses. Greenleaf says that the credit of witnesses may be impeached by general evidence affecting their credit for veracity. The evidence introduced must be competent, and its introduction regulated by well-established rules. The first question calls for the opinion of one witness as to the truthfulness of another, and the second as to the knowledge of one witness as to particular falsehoods told by another. The first is clearly an invasion of the province of the jury, who are the judges of the credibility of witnesses; and the second is contrary to the well-established rule that, for the purpose of impeaching the credit of witnesses, the examination must be confined to general reputation, and is not permitted as to particular facts. (1 Greenleaf on Evidence, 14th ed., sec. 461.)

The third alleged error urged by defendant is "that the court erred in refusing defendant's motion for a nonsuit." In criminal practice the motion to nonsuit is not the appropriate remedy for defendant in case of a failure of proof. If the prisoner cannot be convicted, he is entitled to a verdict of acquittal. There can be no nonsuit as in civil cases. (1 Bishop's Criminal Procedure, sec. 961; *People v. Bennett,* 49 N. Y. 137.) "In this case the court hold that after the trial is commenced the verdict of the jury must be pronounced, but this may be done under the advice and direction of the court." In that case the motion was made to discharge the prisoner on the ground that there was no case for the jury. The appellate court say the trial court had no power to grant the precise motion made—the jury must pronounce the verdict. Section 373 of our Criminal Practice Act provides that "if, at any time after the evidence on either side is closed, the court deem the same insufficient to warrant a conviction, it may advise the jury to acquit the defendant; but the jury shall not be bound by such advice, nor shall the court, for any cause, prevent the jury from giving a verdict except as provided by sec-

tions 360, 361, and 365," which do not apply to the case at bar. It is apparent that the motion to nonsuit was properly overruled. It was, however, held in *People v. Bennett,* above cited, that, although the motion to discharge the prisoner could not have been granted in the form in which it was made, to the end that substantial justice might be done, it might be regarded as a request that the court advise the jury to acquit. Adopting this suggestion in the case at bar, we may consider whether the ground upon which it was made was well taken. It is asserted by appellant and admitted by respondent that the prosecuting witness, the person with whom the defendant committed the offense of fornication, was defendant's daughter, an infant, under twelve years of age; and that under our statute she was incapable of giving consent to the alleged illicit intercourse. The point made by defendant in the motion for nonsuit was that the consent of both parties to the illicit intercourse was not necessary to constitute the crime of incest, and that, the prosecuting witness being of that tender age of which the law repudiates the possibility of consent, the element of mutual consent was wanting, and the defendant should have been acquitted.

This involves the legal proposition whether fornication, as known at common law, may be committed by one person without the concurrent criminality of the other party to the act. The arguments of the attorneys upon this question were exhaustive, and brought to the attention of the court a large number of authorities of adjudicated cases in which directly opposite conclusions were reached. Bouvier defines "fornication" to be "the unlawful knowledge by an unmarried person of another." This definition does not imply that carnal knowledge must necessarily be mutual. 2 Bishop's Criminal Law, sections 11, 24, defines it to be "the voluntary sexual intercourse of one person with another." There must be a voluntary consent of the will on the part of the one; but may not the other party to the act be the victim of force or fraud, or a child so young that the law regards her incapable of giving consent? The terms used in the statute are, "Persons being within the degrees of consanguinity," etc., "who shall commit fornication with each other." Evidently the term "fornication" is used

in the ordinary, common-law meaning. We have been unable to find any definition of that term in the common-law authorities which necessarily implies a consenting mind in both parties to the act. It is maintained that the words "with each other," used in the statute, imply that the offense is committed only when both participants therein do so with a willing mind. Many of the adjudicated cases sustaining this theory seem to be founded upon such a construction of the language used. We are unable to adopt this construction. We are rather of the opinion that the better reason is found with the opposite authorities, which hold that neither the language of the statute, nor the true definition of the terms employed, imply that a mutuality of consent is necessary to constitute the crime of incest. In support of our conclusions we cite Bishop on Statutory Crimes, sec. 660; Wharton's Criminal Law, sec. 1751; *State v. Ellis,* 74 Mo. 385, 41 Am. Rep. 321; *Mercer v. State,* 17 Tex. App. 452; *Alonzo v. State,* 15 Tex. App. 378, 49 Am. Rep. 207.

We find no error in the record, and the judgment below is affirmed.

Hays, C. J., and Broderick, J., concurring.