[No. 15962. Department One. January 24, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v.
EMILY HOYLE, *Appellant*.[1]

INDICTMENT AND INFORMATION (52)—KIDNAPING—ELEMENTS OF OFFENSE—DESIGNATION OF PARENT OR CUSTODIAN. An information under Rem. Code, § 2410, charging the kidnaping of a child of tender years, naming it, by taking and detaining her with intent to conceal her from her parents or other persons having lawful care and control of her, is not defective in failing to name the persons from whom she was taken; since it is the identity of the child and not of the custodians that is material and has to do with the elements of the offense.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered March 23, 1920, upon a trial and conviction of kidnaping. Affirmed.

*Dennis McClung*, for appellant.

*Joseph B. Lindsley* and *James Emmet Royce*, for respondent.

[1]Reported in 194 Pac. 976.

HOLCOMB, J.—Appellant appeals from judgment on a verdict under an information charging:

"That the said defendant, Emily Hoyle, on or about the 1st day of December, 1919, in Spokane county, Washington, then and there being, did then and there wilfully, unlawfully and feloniously take and detain a child under the age of 16 years, to wit: one Jane Doe Charest, of the age of two weeks, with intent to conceal the said child from her parents or other persons having lawful care and control of her."

The trial court had overruled appellant's demurrer to the information upon the general ground that the information did not state facts sufficient to constitute a crime under the laws of Washington. Upon conviction, appellant moved for a new trial and arrest of judgment, both of which motions were denied. All these rulings are here urged as errors.

The statute upon which the information is founded is Rem. Code, § 2410.

"Every person who shall wilfully—

"(1) Seize, confine or inveigle another with intent to cause him without authority of law to be secretly confined or imprisoned, or in any way held to service, or with intent to extort or obtain money or reward for his return, release, or disposition, or to lead, take, entice away, or detain, a child under the age of sixteen years with intent to conceal him from his parent, guardian or other person having lawful care or control of him, or to steal any article upon his person;  . . ."

Appellant contends that the information under consideration is fatally defective, because it fails to inform her from whom she is charged with kidnaping the child, and does not conform to the requirements of the statute.

It is correct, as urged by appellant, as stated in *State v. Carey*, 4 Wash. 424, 30 Pac. 729, and subsequent cases, that it is the law of criminal procedure,

"The accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute."

On the same line, in *State v. Ackles,* 8 Wash. 462, 36 Pac. 597, we said that the above requirement, under the constitution, can only be met by setting forth in the information "every fact constituting an element of the offense charged." And, in prosecutions for larceny from the person and robbery, we have held that, to charge the offense only in the language of the statute, was not sufficient when the accused might have committed every act charged in the information and yet not have been guilty of robbery (or of larceny from the person), because ownership of the property taken was not alleged in some person other than the defendant, or the control and dominion over the property taken. *State v. Dengel,* 24 Wash. 49, 63 Pac. 1104; *State v. Morgan,* 31 Wash. 226, 71 Pac. 723; *State v. Hall,* 54 Wash. 142, 102 Pac. 888.

Kidnaping is not larceny nor robbery. At common law, it was defined to be the forcible abduction or stealing away of a man, woman, or child from his own country and sending into another. It was treated as an aggravated species of false imprisonment, all the ingredients in the definition of the latter offense being necessarily comprehended in the former, with the additional ingredient of carrying the person detained out of his own country and beyond the protection of its laws. To constitute the offense, the asportation or carrying away must have been against the will and without the consent of the person detained, and without any lawful authority therefor. A child of tender

years was regarded as incapable of consenting to its own seizure and abduction, and when taken away from its rightful guardian, it must be deemed to have been taken away without its consent, as a matter of law, and it has been so expressly enacted in some jurisdictions. 8 R. C. L. 296, § 319.

The person seized and detained, or kidnaped against his will and consent, is the victim, not any other person, no matter how directly concerned with the person and welfare of the victim. A child of tender years not being able to consent, and the consent of any one not being a defense, therefore, the only ingredients of the offense—and they are denounced in the statute—are:

(1) That the accused did, in the jurisdiction of the court, commit the act.

(2) That it was wilfully committed, and without authority of law, i. e., unlawfully.

(3) That a child of tender years, fixed by the statute as under the age of sixteen years, was so unlawfully and wilfully taken and detained.

(4) The name and identity of the child of tender years so taken and detained.

(5) That the accused committed all the above acts with intent to conceal the child from its parents or other persons then having lawful care and control of the child—no matter who.

Those are the elements of the crime with reference to children of tender years, as defined by statute, and all the necessary ingredients. Those ingredients were set forth in the information. To them the accused could plead his guilt or innocence, and upon a judgment of conviction or of not guilty, could subsequently plead in bar of any prosecution for kidnaping,

"on or about the 1st day of December, 1919, in Spokane county, Washington, the child under sixteen

years of age, to wit, Jane Doe Charest, of the age of two weeks, with intent to conceal *that child* from her parents, or other persons having (then) lawful care and control over *that child.*"

The identity of the child, rather than the identity of the custodians, and the intent to conceal the child from any and all lawful custodians, with the time and place of taking and detaining unlawfully, identifies the crime. A verdict thereunder could certainly be shown by the face of the record to bar any subsequent prosecution for the same unlawful taking and detaining.

We therefore conclude that the information and verdict thereon were properly sustained, and the judgment is affirmed.

PARKER, C. J., BRIDGES, and MACKINTOSH, JJ., concur.