(October 31, 1922.)

## STATE, Respondent, v. ART SUENNEN, Appellant.

[209 Pac. 1072.]

CRIMINAL LAW—KIDNAPPING—LIMITATION OF ARGUMENT—SUFFICIENCY
OF EVIDENCE—PROMISE OF MARRIAGE—CONSENT OF CHILD.

1. It is within the discretion of the trial court to limit time for argument, and such action is not reversible error unless there is an abuse of discretion.

2. Intention on the part of the defendant to marry her is no defense to the statutory charge of kidnapping a female under the age of 16.

3. Consent of the female is no defense to the statutory charge of kidnapping.

4. Evidence examined, and *held* sufficient to sustain judgment of conviction.

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. Robert M. Terrell, Judge.

From a judgment convicting him of kidnapping, defendant appeals. *Affirmed.*

D. C. McDougall and T. D. Jones, for Appellant.

The court erred in refusing the defendant's motion for new trial on the grounds of insufficiency of the evidence to warrant a conviction. (*People v. Black,* 147 Cal. 426, 81 Pac. 1099; *Cochran v. State,* 91 Ga. 763, 18 S. E. 16.)

R. L. Black, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

It lies within the discretion of the trial court to limit the argument of counsel. (*People v. Morrell,* 28 Cal. App. 729, 153 Pac. 977.)

Publisher's Note.

4. Effect of defendant's mistake as to age of girl, under statute denouncing sexual offenses against female below specified age, see notes in 21 Ann. Cas. 1058; 25 L. R. A., N. S., 661.

Where a child is under the statutory age the offense of kidnapping is committed if the parent or guardian does not consent, without regard to the consent of the child. (24 Cyc. 799; *Arrington v. State,* 3 Ga. App. 30, 59 S. E. 207; *Hoyle v. State,* 114 Wash. 290, 194 Pac. 976; *Gould v. State,* 71 Neb. 651, 99 N. W. 541; *Rhoades v. State,* 29 Wash. 61, 69 Pac. 389.)

Where there is substantial conflict in the evidence but which taken as a whole is sufficient to sustain the verdict, the appellate court will not disturb the judgment found on the verdict. (*State v. Carlson,* 23 Ida. 545, 130 Pac. 463; *State v. Hopkins,* 26 Ida. 741, 145 Pac. 1095; *State v. Bouchard,* 27 Ida. 500, 149 Pac. 464; *State v. Mox Mox,* 28 Ida. 176, 152 Pac. 802; *State v. Steen,* 29 Ida. 337, 158 Pac. 499.)

McCARTHY, J.—Appellant was convicted of kidnapping and appeals from the judgment and from an order denying a new trial. The assignments of error are: (1) The court erred in denying appellant's request for an instruction advising the jury to acquit; (2) the court erred in limiting the argument of counsel for defense to 45 minutes; (3) the court erred in refusing appellant's motion for new trial on the grounds of insufficiency of the evidence to warrant a conviction.

The first assignment of error is disposed of by *State v. Sullivan,* 34 Ida. 68, at 80, 81, 17 A. L. R. 902, 199 Pac. 647, holding that refusal to give such instruction is not reversible error.

As to the second assignment of error it is sufficient to say that it is within the discretion of the trial court to limit the time for arguments. It does not appear in this case that the court abused its discretion, nor that any objection was made or exception taken.

We come now to the third assignment of error, which presents the only real question in the case. C. S., sec. 8224, subd. 2, provides:

"Sec. 8224. Every person who wilfully: . . . .

"2. Leads, takes, entices away or detains a child under the age of 16 years, with intent to keep or conceal it from its parent, guardian or other person having lawful care or control thereof, . . . . is guilty of kidnapping."

The information charges that appellant "on or about the 6th day of January, 1920, at Montpelier, County of Bear Lake, State of Idaho, . . . . did then and there wilfully, unlawfully, feloniously and knowingly, lead, take and entice away Lillian Beckwith, a child under the age of 16 years, from her home in Montpelier, Bear Lake County, State of Idaho, into the State of California, without the consent of the parents of said Lillian Beckwith and with intent to keep and conceal the said Lillian Beckwith from her parents."

Appellant challenges the sufficiency of the evidence to support the judgment of conviction on four grounds: (1) It is insufficient to show that he knew the girl was under 16; (2) it is insufficient to show that he knew she had any parents; (3) the uncontradicted evidence shows that his motive was to marry her, and (4) the uncontradicted evidence shows that he did not entice her, but that she went willingly. We will take up these points in their order.

In prosecutions for offenses against minor females, such as statutory rape and abduction for any immoral purpose, it is generally held that lack of knowledge on the part of the defendant as to the age of the girl, or even belief on his part that she is over the age mentioned in the statute, is no defense. (*Brown v. State,* 7 Penne. (Del.) 159, 74 Atl. 836, 25 L. R. A., N. S., 661 and note; 33 Cyc. 1438D, 1473 i, note 15.) C. S., sec. 8090, subd. 4, provides that a person is not capable of committing a crime who committed the act under ignorance or mistake of fact which disproves any criminal intent. It may be contended that under this section an honest belief on the part of the defendant that the girl was over the age of 16 years would be a defense to the charge of kidnapping. It is not necessary to expressly decide this point and we do not do so. There is evidence in the record tending to show that the

defendant knew the girl was under age. Whether this evidence means that he knew she was under the age of 18, at which time a female becomes of age in this state generally speaking, or under the age of 16, the age fixed by the kidnapping statute, does not expressly appear. The court gave the defendant the benefit of any doubt upon the question of law by instructing that if the jury found he acted in the honest belief that she was over the age of 16 years they should find the defendant not guilty. The evidence proved that the girl was only 14 years of age. Much depended upon her appearance, and she testified before the jury. Considering all the evidence, and undoubtedly also considering her appearance, the jury evidently concluded that the appellant did not act upon an honest belief that she was over 16 years. This court lacks the advantage which the jury had of seeing the girl and hearing her testify. Under no theory of the law could an instruction have been given to the jury more favorable to appellant than that which was given. In view of that instruction, and the record, we find the evidence sufficient to sustain the conviction so far as this first point is concerned.

The second point is that the uncontradicted evidence shows that appellant did not know the girl had parents. She testified that she told him her parents were dead and that she was living with an aunt who abused her, and he testified to the same effect. Without going into the details of her story to him as testified to by both of them, suffice it to say it is so preposterous that it is evident the jury did not believe it, and we conclude they were justified in not believing it. She left home with appellant's assistance on January 6th, and on December 2d preceding he wrote her saying:

"Say Lillian before you go I wish you would write me a letter, I mean an awful one, one in case they look me up I could show them, I dont know where you were. Make it good & strong telling me I shouldn't write to you because you didn't want to hear from me, furthermore you was

leaving for parts unknown. I just want it for a blind. I wont get peeved what you will say so go to it."

It may very well be that the jury concluded the words "they" and "them" referred to the parents of the girl, and this would not be an unreasonable inference. Appellant testified that the girl told him she was living with her aunt. It is at least evident that he intended to assist her to leave her home, and conceal her whereabouts from the one who had charge of her.

He and she both testified that he wanted her to marry him. If so, it was no defense. One who entices away a child under the age of 16 years with intent to conceal it from its parent, guardian or other person having lawful care or control thereof is guilty of kidnapping under the statute, even though the motive be marriage.

The last point is that the uncontradicted evidence shows that he did not entice her because she was willing to go, that he merely assisted her to go or made it possible for her to do so. The consent of a minor child is no defense to the charge of kidnapping if the parent or guardian does not consent. (*Arrington v. State,* 3 Ga. App. 30, 59 S. E. 207; *Hoyle v. State,* 114 Wash. 290, 194 Pac. 976; *Gould v. State,* 71 Neb. 651, 99 N. W. 541; *Rhoades v. State,* 29 Wash. 61, 69 Pac. 389.) The evidence tends to show that appellant agreed to pay her fare to San Francisco and her subsistence while there if she would go, and also made a promise of marriage. What more alluring proposition could be imagined? While there is a conflict in the evidence, there is evidence which justified the jury in concluding that appellant enticed her.

The judgment is affirmed.

Rice, C. J., and Dunn, J., concur.