[No. 890-1.   Division One—Panel 1.   December 20, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. ERIC LAVELL GRIFFIN, *Appellant.*

*Donald J. Lyderson,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *Terrance H. Neal, Deputy,* for respondent.

WILLIAMS, J.—This case presents an appeal from a judgment of conviction, entered upon the verdict of a jury, for the crime of second-degree kidnapping.

The facts essential to be stated are these: Sometime in June of 1970, appellant met a 13-year-old girl in Los Ange-

les, California. She had previously left her home, which was located in Riverside, California. The two immediately set up housekeeping in an apartment. During this arrangement, which lasted for about 2½ months, they moved to two different apartment houses and a motel. There is some evidence that during this time appellant had the girl "watched." There is also evidence that the girl cooperated with appellant throughout their association. The girl used an assumed name, a fact which may not have been known to appellant.

In September of 1970, appellant came to Seattle and sent the girl a 1-way airline ticket, destination Seattle. He met her at the airport and drove her to a Seattle hotel. After 2 days the two drove to Lynnwood in Snohomish County, where they were apprehended.

The pertinent portion of the statute, RCW 9.52.010(2), under which appellant was charged is as follows:

> Lead, take, entice away or detain a child under the age of sixteen years with intent to conceal him from his parent, parents, guardian or other lawful person having care, custody or control over him, . . .

Appellant's assignments of error are directed to a statement made by the prosecuting attorney during his opening argument and to the sufficiency of the evidence to support the essential elements of second-degree kidnapping.

The statement of the prosecuting attorney was made in connection with his discussion of the events leading up to the arrest of the couple. It was "through various other factors that will not be brought out, the Defendant and the girl were together and apprehended." Appellant believes that the jury could infer from this that the "other factors" were other crimes and that State v. O'Donnell, 191 Wash. 511, 71 P.2d 571 (1937), is authority for the rule that the prosecutor may not initially refer to other crimes. O'Donnell does stand for that proposition, but we do not believe the statement necessarily referred to other crimes, either directly or inferentially.

Appellant claims deficiency in the evidence both as

to enticement and concealment. The relationship of appellant and the girl during the 2½-month episode supports a reasonable inference that he led, took, enticed or detained her during their stay in Los Angeles and on the trip to Seattle. He took her from the airport in King County to Snohomish County. The fact that she may have consented all the while is not important. *State v. Jackson*, 72 Wn.2d 50, 431 P.2d 615 (1967); *State v. Hoyle*, 114 Wash. 290, 194 P. 976 (1921).

Appellant contends the element of intent to conceal a child under the age of 16 from her parents was not proven because she looked older than her years. True, if she appeared to be mature, the defendant might not have formed the necessary intent to lead a girl of tender years away from her parents. It would serve no useful purpose to detail the evidence on this point except to say that the girl in her testimony stated that she was 13 years old, had left home with no extra clothing or personal effects, and upon meeting appellant, an adult, at a bus stop, commenced to live with him. It is at least evident that appellant intended to assist her in staying away from her home during the 2½ months that they were together. The evidence is well within the measure of proof of intent determined to be sufficient in *State v. Missmer*, 72 Wn.2d 1022, 435 P.2d 638 (1967), *cert. denied*, 393 U.S. 885, 21 L. Ed. 2d 162, 89 S. Ct. 197 (1968). *See also State v. Suennen*, 36 Idaho 219, 209 P. 1072 (1922).

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.