554 P.2d 961
**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Edward L. HERR, Defendant-Appellant.**

**No. 11893.**

Supreme Court of Idaho.

Sept. 28, 1976.

James F. Judd, Post Falls, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, Gary M. Haman, Sp. Asst. Gen., Coeur d'Alene, Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

Defendant-appellant Edward Herr was tried and convicted by a jury for the crime of lewd conduct with a minor child under sixteen, I.C. § 18–6607, and for the crime of kidnapping in the second degree, I.C. § 18–4501 and I.C. 18–4503. He was sentenced to serve three years at the Idaho State Penitentiary on each charge. At trial the following facts were adduced, principally from the testimony of the prosecutrix. The prosecutrix, age thirteen, resided with her mother and stepfather in Spokane, Washington. On September 28, 1974, a Saturday, she secured permission to go to the drive-in movie with a girlfriend. At the movie she encountered the appellant, age thirty-one, whom she had met previously. Following the movie, prosecutrix drove around town with appellant and several others. During the ride the prosecutrix learned that the appellant intended to take a trip out of town and asked to accompany him. After the others had left, the two drove to appellant's mother's home in Kootenai County, Idaho, arriving early in the morning of September 29. When they arrived at appellant's mother's house they went to bed together where they engaged in sexual intercourse. Later that morning they were discovered in bed together by the appellant's mother and shortly thereafter they left with appellant's brother for Billings, Montana where they

stayed until October 1, 1974. The appellant's sister-in-law then returned the prosecutrix to her home. Appellant was arrested the same day.

Appellant assigns as error the trial court's refusal to sustain his objections to certain leading questions which the state asked one of its witnesses, appellant's mother. The trial court held that "under the circumstances, the relationship and the obvious distress of the witness, reluctance to testify, which is a very understandable thing, I will permit the use of leading questions."

At the time of appellant's trial I.C. § 9–1203, repealed by S.L. ch. 242 (1975), was in effect and provided:

"A question which suggests to the witness the answer which the examining party desires is denominated a leading or suggestive question. On direct examination leading questions are not allowed, except in the sound discretion of the court, under special circumstances, making it appear that the interests of justice require it."

The present rule, I.R.C.P. 43(b)(2) is substantially similar and made applicable to criminal trials by I.C.R. 26.

We recently construed I.C. § 9–1203 in *State v. Gerhardt*, 97 Idaho 603, 549 P.2d 262 (1976). In so doing we had occasion to reiterate the following language from *McClain v. Lewiston Interstate Fair and Racing Assn.*, 17 Idaho 63, 104 P. 1015 (1909):

"While counsel should at all times avoid the asking of leading questions, and permit witnesses to state facts without any suggestion from counsel as to the answer to be given, yet such questions are within the discretion of the trial judge, and sometimes the facts can be more readily and speedily developed by asking leading questions without seriously prejudicing the rights of the party objecting thereto, in which case, where the discretion of the court is not abused, this court will not reverse a case because of leading

questions." 17 Idaho at 88, 104 P. at 1024.

■ The record here supports the ruling of the trial court. The witness was extremely distressed and suffered an almost complete lapse of memory. This apparent attack of trial amnesia and the appellant's failure to specify what prejudice, if any, resulted from the use of leading questions satisfy us that the district judge's ruling was within his discretion. *State v. Gerhardt, supra.*

Appellant also objects to several of the trial court's rulings on instructions. Among the rulings assigned as error are those relating to necessarily included offenses. At the request of the prosecution and over the objection of appellant the trial court instructed the jury that statutory rape is a necessarily included offense of the crime of lewd conduct with a minor child. The trial court refused the appellant's request that it instruct that the crime of fornication is also an included offense. Appellant assigns both these rulings as error and argues on appeal that the trial court should have instructed on contributing to the delinquency of a minor, as well.

■ At oral argument on appeal appellant conceded the instruction on statutory rape was proper. At any rate, no prejudice resulted to him from the giving of the instruction since the jury failed to find him guilty on that-charge. "[E]rror in giving an instruction upon lesser degrees or offenses works no prejudice when the defendant is convicted upon satisfactory evidence of a higher charge under proper instructions relating to it." *State v. Wainwright,* 190 Kan. 619, 376 P.2d 829 (1962). *See also State v. Monteith,* 53 Idaho 30, 20 P.2d 1023 (1933) ; I.C.R. 52.

■ Nor did the district court err in failing to instruct on the offense of contributing to the delinquency of a minor, I. C. § 16–1817, since appellant made no request for the instruction.

" '[T]he burden is upon the defendant to request the court to instruct on lesser in-

cluded offenses.' * * * Only after the defendant has requested an instruction must the trial court determine whether the offense is 'necessarily included' in the offense charged." *State v. Morris,* 97 Idaho 420, 546 P.2d 375, 379 (1976).

*See also State v. Boyenger,* 95 Idaho 396, 509 P.2d 1317 (1973).

Appellant did request, unsuccessfully, an instruction on the crime of fornication. I. C. § 18–6603 defines fornication as follows:

"18–6603. Fornication—Any unmarried person who shall have sexual intercourse with an unmarried person of the opposite sex shall be deemed guilty of fornication, and, upon conviction thereof, shall be punished by a fine of not more than $300 or by imprisonment for not more than six months or by both such fine and imprisonment; provided, that the sentence imposed or any part thereof may be suspended with or without probation in the discretion of the court."

The trial court ruled:

"that the statutory definition of fornication and of rape, what is commonly called statutory rape where the female is under 18, are mutually exclusive. For this reason the crime of fornication, I believe, is intended, as defined in our statutes, to cover a consensual act between consenting parties. * * * [O]ur legislature said that females under 18 cannot as a matter of law give their consent to an act of intercourse. Therefore, it is not possible if the female is under the age of 18, for a crime of fornication to be committed with her because by legislative policy her lack of consent as a matter of law renders it rape."

This is a matter of first impression before this Court. However, in *People v. Barnes,* 2 Idaho 161, 9 P. 532 (1886), the Court reached a related issue holding that mutuality of consent was not necessary to constitute the crime of incest. In so hold-

ing, the Court stated that the word "fornication" as used in the incest statute [1] does not necessarily imply a consenting mind in both parties to the act. As the court pointed out, however: "Evidently, the term 'fornication' is used in the ordinary; common-law meaning." 2 Idaho at 164–65, 9 P. at 534.

▉▉▉ It is apparent that "fornication" as used in the incest statute is simply a synonym for sexual intercourse. The Court adopted the view that, in this sense, no requirement of mutuality of consent could be implied by the term. But while fornication in this sense may well be an element of other sex crimes, when it is an offense of its own it is separate and distinct from them. See 37 C.J.S. Fornication § 1b (1943). It is the element of consent that distinguishes the crime of fornication from common law fornication. 37 C.J.S. Fornication § 2d (1943). Consequently, we agree with the trial court and hold that since a child under sixteen cannot as a matter of law give her consent, fornication cannot be a necessarily included offense of lewd conduct with a minor under sixteen.

The appellant also objects to the following instruction given by the trial court:

"YOU ARE INSTRUCTED that, under Idaho law, any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part of member thereof of a minor or child under the age of sixteen (16) years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of the CRIME OF LEWD CONDUCT WITH A MINOR CHILD UNDER SIXTEEN."

This instruction is simply a transcription of I.C. § 18–6607. Appellant maintains that the words "lewd and lascivious" do not adequately describe the acts which the statute was intended to proscribe. He assigns as error the trial court's refusal to give the following instruction which he requested:

"YOU ARE INSTRUCTED that the words 'lewd and lascivious' are defined as follows:

"Lewd is defined to mean licentious, lecherous, dissolute, sensual, debauched, impure, obscene, salacious or pornographic.

"Lascivious is defined to mean wanton, lewd, lustful, licentious, libidinous or salacious."

▉▉▉ This Court in *State v. Evans,* 73 Idaho 50, 245 P.2d 788 (1952) was confronted with a similar argument. The Court found that I.C. § 18–6607 met the due process requirement that a statute must be sufficiently certain to show what the legislature intended to prohibit and punish. Idaho Constitution, Art. 1, § 13. The Court held:

"Lewd and lascivious are words in common use and the definitions indicate with reasonable certainty the kind and character of acts and conduct which the legislature intended to prohibit and punish, so that a person of ordinary understanding may know what conduct on his part is condemned.

\*    \*    \*    \*    \*    \*

"Moreover, the forbidden acts and conduct are further limited and defined by the specific intent required by the statute. That is, it prohibits only such lewd and lascivious acts as are committed with the intent therein detailed. So the certainty required by due process is present." 73 Idaho at 56–57, 245 P.2d at 791–92.

*See also State v. Shannon,* 95 Idaho 299, 507 P.2d 808 (1973). Where the instruction

---

1. "Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, who intermarry with each other, or who commit fornication or adultery with each other, are punishable by imprisonment in the state prison not exceeding ten years." Now I.C. § 18–6602.

duplicates the language of the statute and the statute has satisfied due process requirements, the instruction adequately describes the acts which the statute was intended to proscribe. Consequently, the trial court did not err when it refused appellant's requested instruction.

■ Appellant contends that the acts committed by defendant did not fall within the definition of lewd or lascivious. He points out that the only act which the victim testified to was a single act of intercourse. He characterizes the act as "natural" sexual conduct and asserts that only "unnatural" conduct is proscribed by the statute. We disagree.

■ It is true that in some jurisdictions statutes proscribing lewd or lascivious conduct incorporate the requirement that the conduct be done in an "unnatural manner." *See e. g. State v. Valdez*, 23 Ariz.App. 518, 534 P.2d 449 (1975); A.R. S. § 13–652. The Idaho statute, however, incorporates no such requirement and we are not prepared to judicially insert one. Indeed, there is some question whether such a requirement could survive a charge of unconstitutional vagueness. *Jellum v. Cupp*, 475 F.2d 829 (9th Cir. 1973). Under the Idaho statute, whether the conduct is an orthodox form of sexual gratification or a more exotic form is irrelevant. However "natural" intercourse may be in certain contexts, we hold that when it is done with a child under sixteen "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of [the defendant] or of such minor or child" it constitutes conduct proscribed by the statute and is punishable as such.

■ The appellant contends the trial court also erred when it gave the following instruction:

"YOU ARE INSTRUCTED THAT, with respect to the crime of Lewd Conduct With A Minor Child Under Sixteen or the included offense of Rape as the same pertains to this case, it is not a defense that the Defendant did not know the age of the minor child involved."

In *State v. Suennen*, 36 Idaho 219, 221, 209 P. 1072 (1922) the Court stated that:

"In prosecutions for offenses against minor females, such as statutory rape and abduction for any immoral purpose, it is generally held that lack of knowledge on the part of the defendant as to the age of the girl, or even belief on his part that she is over the age mentioned in the statute, is no defense."

A prosecution for lewd or lascivious behavior with a minor child under sixteen is within the terms of that dicta. Appellant urges us not to follow the dicta of *Suennen*; he relies on the following statutes:

I.C. § 18–201:

"All persons are capable of committing crimes, except those belonging to the following classes:

1. Persons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent \* \* \*."

And I.C. § 18–114 which provides:

"In every crime or public offense there must exist a union or joint operation, of act and intent, or criminal negligence."

According to appellant these statutes make lack of knowledgeable conduct a defense to the charge. This was the result reached in *People v. Hernandez*, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964), where the court held a charge of statutory rape to be defensible. The court in *Hernandez* found that criminal intent was lacking where there was no knowledgeable conduct on the part of the defendant.

Apparently every jurisdiction which has had the opportunity to consider the *Hernandez* rule has rejected it. *State v. Randolph*, 12 Wash.App. 138, 528 P.2d 1008 (1974); Annot., 8 A.L.R.3d 1100 (1966). We find this line of authority to be the most persuasive. Sexual offenses against minors have long been a recognized judicial exception to the general rule that a

mistake of fact is a defense to a criminal charge. *State v. Suennen, supra.* It is an exception the legislature must surely have had in mind when it enacted I.C. § 18–6607.

"We therefore disagree with the view expressed in *Hernandez* that such exception may not be sustained except by legislation so directing; rather, we believe the converse, that the exception must be sustained unless the legislature decides otherwise." State v. Randolph, *supra.*

We should also note that even if mistaken belief was a defense there was no evidence here that appellant entertained a good faith belief, based upon reasonable grounds, that prosecutrix was of the age of consent. Far from misleading appellant, the prosecutrix testified that she said nothing of her age until she and appellant were in Montana, at which time she told him her true age. The appellant did not take the stand. Therefore, since there was no evidence to raise the defense, there was no error in refusing to instruct on it.

Appellant alleges that there was insufficient evidence to convict him either of lewd conduct with a minor under sixteen or of kidnapping in the second degree. As to the lewd conduct, he maintains there was no corroboration of the prosecutrix' testimony. However, it was, in fact, supported by the testimony of the appellant's mother. She admitted seeing him in bed with a young girl on the date of the crime although she did not observe the actual act of intercourse. This testimony is sufficient to provide corroboration by proof of surrounding circumstances.

We also find the evidence sufficient to sustain a conviction for kidnapping in the second degree. Appellant was charged under the following portion of I.C. § 18–4501 defining a kidnapper as:

"Every person who wilfully: * * *

2. Leads, takes, entices away or detains a child under the age of sixteen years, with intent to keep or conceal it from its parent, guardian or other person having lawful care or control thereof, or with intent to steal any article upon the person of the child; * * *."

Second degree kidnapping is any kidnapping not done for ransom. I.C. § 18–115.

At issue is the measure of proof necessary to prove the element of "intent to keep or conceal [the child] from its parent." This issue was raised in *State v. Griffin,* 6 Wash.App. 143, 491 P.2d 1320 (1971) where a thirteen year old had left home with no extra clothing or personal effects, and upon meeting the appellant, an adult, at a bus stop, commenced to live with him. In *Griffin* the court found the evidence sufficient to show, at the least, that the appellant intended to assist prosecutrix in staying away from her home. This, they held, was well within the measure of proof necessary to prove intent. The facts here are virtually identical. Prosecutrix, age thirteen, lived with her parents. Upon meeting the appellant at the movie, apparently by chance, she accompanied him to his home in Kootenai County and later traveled with him to Billings, Montana. Before leaving they drove by prosecutrix' home but did not stop. This evidence was uncontradicted and was sufficient to allow the jury to find the intent to keep or conceal prosecutrix from her parents. *See also State v. Suennen, supra.*

Finally, the appellant makes several assignments of error which were neither briefed nor argued. We therefore find it unnecessary to review them on appeal. *Perry Plumbing Co. v. Schuler,* 96 Idaho 494, 531 P.2d 584 (1975); *Haggerty v. Western Barge, Inc.,* 94 Idaho 509, 492 P.2d 48 (1971); Sup.Ct. Rule 41, subd. 2.

There being no error, we affirm the judgment of the district court.

McFADDEN, C. J., SHEPARD, J., and SCOGGIN, D. J., retired, concur.

BAKES, J., concurs in result.