924 P.2d 599

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Patrick S. OAR, Defendant–Appellant.**

No. 21930.

Supreme Court of Idaho,
Lewiston, May 1996 Term.

Aug. 20, 1996.
Rehearing Denied Oct. 28, 1996.

Knowlton, Miles & Mercia, Lewiston, for appellant. Charles E. Kovis argued.

Alan G. Lance, Attorney General, Boise, for respondent. L. LaMont Anderson argued.

McDEVITT, Chief Justice.

Patrick S. Oar (Oar) appeals from his judgment of conviction and sentence entered after a jury found him guilty of two counts of sexual battery of a minor child sixteen or seventeen years of age.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Oar was originally charged with two counts of sexual battery of a minor child sixteen or seventeen years of age in violation of I.C. § 18–1508A and of being a persistent violator of the law pursuant to I.C. § 19–2514. The victims are seventeen-year-old Dawn G. and sixteen-year-old Rachelle L., whom Oar met at a dance club where admittance is restricted to adults who are at least eighteen years old. Oar was with Ryan Anderson, a social acquaintance, who heard Oar claim he was looking for a "couple girls that were big breasted, that would like to model for him." Oar testified that he was in the marketing, advertising and health club business and that as part of his business he used prospective models for various promotions. After some discussion about modeling with Dawn and Rachelle, arrangements were made for the girls to contact Oar the following week.

A meeting was subsequently scheduled to further discuss the possibility of Dawn and Rachelle doing some modeling. At the meeting Oar showed both Dawn and Rachelle various photographs. Oar also discussed the signing of a contract with Dawn and Rachelle, but explained there could be a problem because neither girl was eighteen years old. At the end of the meeting arrangements were made to meet Oar later that week.

The following Saturday Oar had Dawn and Rachelle ride with him to Lewiston for some "practice shots." On the way to Lewiston, Dawn and Rachelle drank a beer provided by Oar. Oar ultimately took Dawn and Rachelle to a motel in Lewiston. Oar mixed some alcoholic drinks for the girls and conversed with them while watching television.

Eventually, Anderson arrived, but without any camera equipment. Oar then instructed Dawn and Rachelle to change into a flannel or corduroy shirt provided by Oar. After the girls changed, Oar provided Dawn with a beer bottle and began instructing and directing Dawn how to pose. Oar also provided Rachelle with a beer bottle and began giving her similar instructions. Oar directed the girls to remove all their clothing except their panties and the shirts he had provided. Anderson also became involved in the modeling and, at Oar's instruction, removed his clothing to his underwear. Rachelle then went to the bathroom and Anderson had intercourse with Dawn while Oar was watching. Dawn later went to the bathroom.

At one point Oar also removed Rachelle's shirt, tugged on her bra and tried to pull down her pants. Anderson also began pulling on Rachelle's bra and trying to pull down

her pants. Oar finally gave up and went to the bathroom. Dawn came out of the bathroom and ran out the front door without her coat or shoes.

A police officer saw Dawn and Rachelle and took them to the station where they were interviewed. Oar was arrested at the motel after climbing out of the bathroom window of his room as police were attempting to enter his front door to serve a search warrant.

Anderson was prosecuted and plead guilty to rape, I.C. § 18–6101(1). He received a suspended three year sentence and was placed on probation.

Oar filed a motion to dismiss, claiming, among other things, that I.C. § 18–1508A is unconstitutionally vague, primarily because the terms "sexual act" and "sexual contact" are not specifically defined in the statute. The district court held that I.C. § 18–1508A is not unconstitutionally vague.

During Oar's jury trial, he submitted jury instructions requesting the district court instruct the jury that it is a defense to the crime of sexual battery of a minor child sixteen or seventeen years of age if the "defendant did not know the age of the minor child . . . or that the defendant reasonably and in good faith believed that the minor child . . . was eighteen (18) years of age or older." Oar also requested the district court to instruct the jury that it is a defense to the crime of sexual battery of a minor child sixteen or seventeen years of age if the minor consents. Both instructions were rejected by the district court who instructed that neither consent nor mistake of age are defenses to sexual battery of a minor child sixteen or seventeen years of age.

The jury found Oar guilty of both counts of sexual battery of a minor child sixteen or seventeen years of age. The district court sentenced Oar to serve, consecutively, two unified sentences of fifteen years with two and one-half years fixed. Oar appealed to this Court.

## II.

### STATEMENT OF ISSUES

Oar raises the following issues on appeal.

1. Whether it is a defense to sexual battery of a minor child sixteen or seventeen years of age if the defendant honestly and reasonably believed that the minor was at least eighteen years of age.

2. Whether it is a defense to sexual battery of a minor child of sixteen or seventeen years of age if the minor consented to defendant's alleged conduct.

3. Whether I.C. § 18–1508A is unconstitutionally vague.

4. Whether the district court abused its discretion when it sentenced defendant to a minimum term of imprisonment of 2.5 years for each count of sexual battery and not more than 15 years for each count, for a total minimum term of confinement of five (5) years.

## III.

### MISTAKE OF AGE IS NOT A DEFENSE TO SEXUAL BATTERY OF A MINOR CHILD OF SIXTEEN OR SEVENTEEN YEARS OF AGE

█ The standard of review applied by this Court to the question of whether the jury was properly instructed is a question of law which this Court freely reviews. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992).

█ Oar contends the district court erred in concluding that mistake of age is not a defense in a prosecution of sexual battery of a minor child sixteen or seventeen years of age. We disagree. Oar primarily relies upon I.C. § 18–201(1) which provides:

All persons are capable of committing crimes, except those belonging to the following classes:

(1) Persons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent.

I.C. § 18–201(1). Oar further relies upon this Court's opinion in *State v. Stiffler,* 117 Idaho 405, 788 P.2d 220 (1990), contending

that I.C. § 18–1508A (sexual battery of a minor child) is a specific intent crime, and therefore mistake of age is a defense.

Sexual crimes involving minors have long been recognized as an exception to the concept that a criminal accused must harbor an intent to commit every element of the crime charged. This Court in *State v. Suennen,* 36 Idaho 219, 209 P. 1072 (1922), in dicta, stated the historical perspective:

> In prosecutions for offenses against minor females, such as statutory rape and abduction for any immoral purpose, it is generally held that lack of knowledge on the part of the defendant as to the age of the girl, or even belief on his part that she is over the age mentioned in the statute, is no defense.

*Suennen,* 36 Idaho at 221, 209 P. at 1072.

This Court in *State v. Herr,* 97 Idaho 783, 554 P.2d 961 (1976), again stated in dicta:

> Sexual offenses against minors have long been a recognized judicial exception to the general rule that a mistake of fact is a defense to a criminal charge. *State v. Suennen, supra.* It is an exception the legislature must surely have had in mind when it enacted I.C. § 18–6607.

*Herr,* 97 Idaho at 788, 554 P.2d at 966 (citation omitted).

■ This historical judicial construction of sexual crimes against minor females clearly was known by the legislature when it enacted I.C. § 18–1508A. In the words of the United States Supreme Court, when the legislature:

> borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed. In such case, absence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them.

*Morissette v. United States,* 342 U.S. 246, 263, 72 S.Ct. 240, 250, 96 L.Ed. 288 (1952); *see also Lorillard v. Pons,* 434 U.S. 575, 583, 98 S.Ct. 866, 871, 55 L.Ed.2d 40 (1978) (" '[W]here words are employed in a statute which had at the time a well-known meaning at common law or in the law of this country they are presumed to have been used in that sense unless the context compels to the contrary.' ") (quoting *Standard Oil v. United States,* 221 U.S. 1, 59, 31 S.Ct. 502, 515, 55 L.Ed. 619 (1911)).

Thus, we are persuaded that the legislature, in codifying the crime of sexual battery of a minor child, intended to incorporate the immemorial tradition of the common law that a mistake of fact as to the complainant's age is no defense.

## IV.

### CONSENT IS NOT A DEFENSE TO I.C. § 18–1508A

■ The district court instructed the jury that consent of the minor child is not a defense to I.C. § 18–1508A. Oar argues that the district court should have instructed the jury that consent is a defense to I.C. § 18–1508A.

Although this Court has not ruled specifically that consent is not a defense to I.C. § 18–1508A, it has held that consent is not a defense to I.C. § 18–1508 (lewd conduct with a minor under sixteen). *State v. Herr,* 97 Idaho at 787, 554 P.2d at 965. The *Herr* Court reasoned that because "a child under sixteen cannot as a matter of law give her consent," consent cannot be a defense to I.C. § 18–1508. *Herr,* 97 Idaho at 787, 554 P.2d at 965. The legislature has stated that it intended to extend the protection offered in I.C. §§ 18–1506 and –1508 to minors aged sixteen and seventeen. Because this Court assumes that the legislature knows about existing judicial decisions when it enacts a statute, we conclude the legislature knew consent is not a defense to I.C. § 18–1508. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990). Consent is not a defense to I.C. § 18–1508A.

## V.

### IDAHO CODE 18–1508A IS NOT UNCONSTITUTIONALLY VAGUE

Before the trial began, Oar moved to dismiss the information on several grounds, in-

cluding an argument that I.C. § 18–1508A is unconstitutionally vague. The district court denied Oar's motion to dismiss. On appeal, Oar argues that I.C. § 18–1508A's terms "sexual contact" and "sexual act" are unconstitutionally vague. In addition to challenging the constitutionality of I.C. § 18–1508A, Oar challenged the sufficiency of the information filed against him. The state amended the information in response.

■ The state responded to Oar's argument that I.C. § 18–1508A is unconstitutionally vague, by asserting that Oar waived his argument that I.C. § 18–1508A is unconstitutionally vague when Oar agreed that the amended information filed against him allowed him to understand with what he was charged. The standard for determining the constitutionality of an information filed against a defendant and the standard for determining the constitutionality of a statute are different. Admitting that the information is adequate is not an admission that the statute on which the information is based is not unconstitutionally vague. Oar did not waive the issue of whether I.C. § 18–1508A is unconstitutionally vague by agreeing that the information was adequate. *See, e.g., State v. Lopez,* 98 Idaho 581, 582, 570 P.2d 259, 260 (1976) (addressing each issue separately).

■ Turning to Oar's vagueness argument, this Court has explained that the test for vagueness has three inquiries:

First, the court must ask whether the ordinance regulates constitutionally protected conduct. If the answer to this first step is in the affirmative, then the next step asks whether the ordinance precludes a significant amount of the constitutionally protected conduct. If the answer to this step is also in the affirmative, then the ordinance is quite likely overbroad and must be restricted in its application or rewritten. *But if the ordinance does not regulate constitutionally protected conduct, or if the ordinance does not preclude a significant amount of such conduct, then the next and last step is to ask whether (a) the ordinance gives notice to those who are subject to it, and (b) whether the ordinance contains guidelines and imposes sufficient discretion on those who must enforce the ordinance.*

*State v. Bitt,* 118 Idaho 584, 587–88, 798 P.2d 43, 46–47 (1990) (emphasis added). Oar has not argued on appeal that the statute is overbroad, so the first two steps of the *Bitt* analysis can be skipped. This Court must answer whether the ordinance gives sufficient notice and whether it contains guidelines and imposes sufficient discretion.

Oar's argument that the term "sexual contact" is vague has no merit. I.C. § 18–1508A(1)(c) makes it a felony for a person at least five years older than a sixteen or seventeen year old to cause or have *sexual contact* with the minor child if the person does so with the intent of arousing, appealing to or gratifying the lust, passion, or sexual desires of the person, the minor child, or a third party. I.C. § 18–1508A(3) states that:

For the purpose of this section [I.C. § 18–1508A], "sexual contact" means any physical contact between such minor child and any person or between such minor children which is caused by the actor, or the actor causing such minor child to have self contact.

The statute gives notice of what is sexual contact, it has guidelines, and it imposes sufficient discretion.

■ Oar's argument that the term "sexual act" is vague has little merit. I.C. § 18–1508A(1)(b) makes it a felony for a person at least five years older than a sixteen or seventeen year old to *solicit* the minor child to participate in a *sexual act* if the person does so with intent of arousing, appealing to or gratifying the lust, passion, or sexual desires of the person, the minor child, or a third party. First, although the section does not define the term "sexual act," this Court gives "ordinary words their ordinary meaning when constructing a statute." *Ada County Assessor v. Roman Catholic Diocese of Boise,* 123 Idaho 425, 428, 849 P.2d 98, 101 (1993). Sexual is defined as relating to or involving sex. A sexual act, therefore, is one relating to or involving sex. The term is not so ambiguous that a person of common intelligence would have to guess at its meaning and differ with others as to its application.

*State v. Bitt,* 118 Idaho at 584–85, 798 P.2d at 43–44.

Second, the term "solicit" is defined by I.C. § 18–1508A(2) as "any written, verbal or physical act which is intended to communicate to such minor child the desire of the actor or third party to participate in a sexual act or participate in sexual foreplay, by means of sexual contact, photographing or observing such minor child engaged in sexual contact." The last phrase of the definition further highlights the definition of the term "sexual act."

Third, I.C. § 18–1508A does not prohibit just soliciting a minor to participate in a sexual act. It narrows the prohibited act to those which are done with the intent to arouse sexual desires. This Court has held that when prohibited acts are further defined by this particular definition of intent, the statute defining the acts are not unconstitutionally vague. For example, prior to 1984, I.C. § 18–1508 only used the terms "lewd" and "lascivious" to describe the acts prohibited. This Court held that the terms lewd and lascivious were not unconstitutionally vague. *State v. Evans,* 73 Idaho 50, 56–57, 245 P.2d 788, 791–92 (1952). It pointed out that "the forbidden acts and conduct are further limited and defined by the specific intent required by the statute.... So the certainty required by due process is present." *Id.* at 57, 245 P.2d at 792; *accord State v. Harmon,* 107 Idaho 73, 76–77, 685 P.2d 814, 817–18 (1984).

Finally, this Court has held that the terms "lewd," "lascivious," and "infamous crime against nature," without further definition, are not unconstitutionally vague. *State v. Carringer,* 95 Idaho 929, 931, 523 P.2d 532, 534 (1974); *Evans* at 56–57, 245 P.2d at 791–92. The term sexual act is less vague than each of these terms.

This Court has held that the phrase "sexual activity as a business" as used in a statute outlawing prostitution was unconstitutionally vague. *State v. Lopez,* 98 Idaho 581, 590, 570 P.2d 259, 268 (1977) (on rehearing). But, the *Lopez* Court so held because the legislature had attempted to redefine prostitution differently than the common law. Because the new definition did not clearly explain what prostitution would include that the common law did not, the Court found the statute vague. *Id.*

There is no common law definition of sexual act that the legislature has attempted to redefine in I.C. § 18–1508A, so *Lopez* has limited application to this case. We conclude I.C. § 18–1508A is not unconstitutionally vague.

## VI.

### IT WAS REASONABLE FOR THE DISTRICT COURT TO SENTENCE OAR TO A MINIMUM FIXED SENTENCE OF FIVE YEARS

■ The district court sentenced Oar to a mandatory two and one-half years for each violation of I.C. § 18–1508A, which Oar must serve consecutively, and to a subsequent indeterminate sentence not to exceed twelve and one-half years, served consecutively, for each count. Oar maintains that the district court abused its discretion by sentencing him to a five year minimum fixed sentence.

This Court considers only the fixed portion of a sentence, so we must decide if five years of confinement is unreasonable. This Court recently explained its standard for reviewing requests for sentence reductions:

[If a defendant's sentence is] within the statutory limits, [the defendant] carries the burden of establishing that [the] sentence[ ] represents[s] a clear abuse of discretion. A sentence may represent such an abuse if it is shown to be unreasonable on the facts of the case. A period of confinement is reasonable if, at the time of sentencing, it appears necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." In determining whether a period of confinement appears necessary to accomplish these objectives, we conduct an independent review of the record, focusing on the nature of the offense, the character of the offender, and the protection of the public interest. "[W]e will not substitute our view for that of a sentencing judge where reasonable minds might differ...." [In

summary], the question we must decide is whether [the defendant's] sentence .... is unduly harsh in light of [the defendant's] character, the nature of [the defendant's] offense, and the goals of sentencing, i.e., protection of society, deterrence of future crimes, rehabilitation, and retribution.

*State v. Shiloff,* 125 Idaho 104, 106, 867 P.2d 978, 980 (1994) (citations omitted).

First, the district court considered the nature of the offense and determined that the sexual abuse of a minor was a serious offense. This is a reasonable conclusion, especially considering the fact that a violation of I.C. § 18–1508A is a felony with maximum penalties of either life or fifteen years in prison.

Second, the district court considered Oar's character. The district court was particularly concerned with Oar's "ego and tremendous arrogance." It seemed to the district court that Oar had potential, but believed that he could "con everyone" and that Oar's history showed that he had "a willingness to take advantage of others and in addition to put others in danger." The Court noted that the defendant had never "fully and honestly take[n] responsibility for his conduct" and had been dishonest with the district court.

The district court also reviewed each of the four goals of sentencing. When considering protection of society, the district court stated that Oar's history and actions in this case showed he would use his intelligence to take advantage of others. When considering deterrence, the district court stated that it was concerned that Oar must realize that his predatory conduct would result in jail time. When considering rehabilitation, the district court stated that although Oar showed potential, he failed to take advantage of "several efforts for him to be rehabilitated including a withheld judgment in 1980, probation in 1986, 1990, and 1993, and a retained jurisdiction in 1991." Finally, when considering retribution, the district court found Oar's conduct reprehensible, especially because he had not taken responsibility for it.

The district court's conclusions on Oar's character and the goals of sentencing are supported by the record. Oar has a considerable criminal history, including forgery and several DUIs, for which he has done very little jail time. Despite a significant alcohol problem and many efforts to rehabilitate, Oar continues to drink. Most importantly, although Oar claims that this is the first time he has been involved with this type of activity, the confidential presentence investigation report shows that before Oar's conviction in this case, the Boise Police Department had investigated him on at least two prior occasions in connection with very similar incidents. Each involved the use of his modelling placement agency, alcohol, a photo shoot, and young women (one 26, and the other 17 years old). The presentence investigation report concluded that Oar used the modelling agency as a "ruse to gain an opportunity for unsolicited sexual contact." It also concluded that Oar is a danger to society, not a good candidate for probation, and should be incarcerated to protect society and rehabilitate Oar.

The district court concluded, after evaluating each factor, that although it believed Oar may someday get the message that his behavior is unacceptable, because of his "arrogance" and expectation that he could con people, Oar needed to be sentenced to five years so that he could get the message that society was serious about not accepting his behavior and so that society would be protected from him. Since reasonable minds might differ with the district court's conclusion and sentence, in light of Oar's character, the offense, and the goals of sentencing, this Court will not substitute its view for the district court's view.

## VII.

## CONCLUSION

The district court's judgment of conviction and sentence is affirmed.

SILAK and SCHROEDER, JJ., concur.

JOHNSON, Justice, concurring in part and dissenting in part.

Although I concur with the other parts of the Court's opinion, I respectfully dissent from part III (Mistake of Age Is Not a

Defense to Sexual Battery of a Minor Child of Sixteen or Seventeen Years of Age).

In my view, the proper analytical framework to address this issue is that contained in the lead opinion in *State v. Stiffler*, 117 Idaho 405, 406–10, 788 P.2d 220, 221–25 (1990). Although the opinion, which I authored, indicates that both Chief Justice Bakes and Justice Boyle concurred, Justice Boyle's "special concurrence" clearly indicates that he did not embrace the analytical framework contained in the lead opinion. Therefore, this analytical framework received only the votes of myself and Chief Justice Bakes, making it only a plurality view. Because of the fracturing of the votes in *Stiffler*, there was no majority view of the analytical framework to be used in reaching the result there.

I continue to adhere to the analytical framework contained in the lead opinion in *Stiffler*. Applying this framework to the present case leads me to conclude that the crime here is a specific intent crime and that, therefore, mistake of age is a defense. Whatever the purpose of the sexual battery law is considered to be, it was not to prevent illegitimate teenage pregnancies, as the Court has said is the purpose of the statutory rape law. *Stiffler*, 117 Idaho at 407, 788 P.2d at 222 (quoting *State v. LaMere*, 103 Idaho 839, 843, 655 P.2d 46, 50 (1982)).

Concerning the other purposes the legislature may have had in passing the sexual battery law at issue here, the lead opinion in *Stiffler* correctly points out:

> We concede that the protection of girls from conscienceless men is a purpose that would not be violated by a requirement of specific criminal intent before conviction. As to that purpose, it is the conscience or state of mind of the perpetrator that is at issue. Likewise, exploitation focuses on the advantage gained by the perpetrator of the act. This is a state of mind of the perpetrator, not an effect on the female.

117 Idaho at 407, 788 P.2d at 222.

Also, the design of the statute indicates that this is a specific intent crime. To commit the crime, a person must have the "intent of arousing, appealing to or gratifying the lust, passion, or sexual desires of such person, minor child, or third party."

I would vacate the conviction and remand the case for a new trial, allowing Oar to pursue the defense of mistake of age.

TROUT, Justice, concurring in part and concurring in the result of part III.

I concur in all parts of the Court's opinion except part III in which I concur in the result only. I write separately to express my disagreement with the reasoning employed by the Court in reaching the conclusion that a mistake Oar might have made as to the age of the victims is no defense to I.C. § 18–1508A. By relying upon an "immemorial tradition of the common law" to justify this result despite the statute's express requirement that the accused possess a specific criminal intent, the Court manifests a paternalism that conflicts with the requirement of I.C. § 18–201(1). Moreover, any heightened duty the Court might extend toward younger children to support an exception to the requirement of specific intent is unnecessary in this case. The district court's order may be affirmed without blindly accepting the proposition that mistake of fact as to a minor victim's age in sexual offenses is never a defense.

As Justice Johnson correctly points out in his dissent, specific intent is certainly an element of I.C. § 18–1508A; however, that fact does not lead inexorably to the conclusion that a mistake of fact the defendant might have made as to the victim's age must be presented to the jury as a cognizable defense.

In determining whether a mistake of fact can be a defense to a crime, we should not simply characterize the offense as a general or specific intent crime and make this determinative of the issue. The analysis should instead proceed beyond that to whether a particular state of mind is an element required by the statute's terms and, if a mistaken belief of fact negates the existence of the required mental state, only then should it serve as a defense. I.C. § 18–201(1); *see also* LaFave & Scott, Substantive Criminal Law § 5.1 (1986). The question is whether the state of mind of the accused defines an

essential element of the crime, and whether a mistake of fact would negate that essential element. In this case the state of mind of the defendant does define an essential element of the crime. The mental element required by the statute is that the defendant have "the intent of arousing, appealing to or gratifying the lust, passion, or sexual desires of such person, minor child, or third party." Here, a mistake as to the victim's age would not in any way negate the existence of the specific intent element; that is, Oar's intent to arouse, appeal to, or gratify his carnal desires. Thus mistake of fact is irrelevant to the criminal charge here and cannot serve as a defense to the crime. I agree that the district court was correct in not instructing the jury on the mistake of fact defense, although I do so for a different reason than that articulated by the Court.