592 A.2d 862 (1991)
In re P.M., Juvenile.
No. 88-380.
Supreme Court of Vermont.
March 29, 1991.
Motion for Reargument Denied April 11, 1991.
Jane Woodruff, Orleans County State's Atty., Newport, and Gary S. Kessler, Resource Atty., and Pamela Hall Johnson, Dept. of State's Attys., Montpelier, for plaintiff-appellee.
Walter M. Morris, Jr., Defender Gen., and William A. Nelson, Appellate Defender, Montpelier, for defendant-appellant.
Before ALLEN, C.J., and PECK, GIBSON, DOOLEY and MORSE, JJ.
GIBSON, Justice.
P.M. appeals from a judgment of the district court, sitting as a juvenile court, finding him guilty of committing a delinquent act, engaging in lewd and lascivious conduct with a child. We affirm.

I.
The findings of the court are not contested on appeal. P.M., who was nearly fifteen years old at the time of the incident on September 16, 1986, engaged in inappropriate sexual activity with M.C., a neighborhood girl who was just short of her ninth birthday. The girl "had a crush" on P.M. and was close to his family. Taking advantage of M.C.'s vulnerability, her feelings for him and his family, and the disparity in their ages, P.M. kissed and hugged M.C., and rubbed the genital areas of his partially clothed body against the genital areas of M.C.'s partially clothed body in order to gratify his own sexual desires. M.C. initially submitted to P.M.'s sexual advances, but then asked him to stop. P.M. never *863 threatened M.C. or used force during the incident, and he ceased his advances upon her request. M.C. reported the incident to her mother shortly after it took place. P.M. admitted kissing, hugging, and "rubbing bodies" with M.C., but denied that he attempted to have intercourse with her, as she claimed.
In February of 1987, a delinquency petition was filed against P.M., alleging that he engaged in lewd and lascivious conduct with a child under the age of sixteen. In a motion to dismiss prior to the merits hearing and again following the hearing, P.M. argued that he had not committed a delinquent act because 13 V.S.A. § 2602,[1] the statute proscribing lewd and lascivious conduct with a child under sixteen years, was "not intended to prosecute children under the age of 16." The court denied the motion to dismiss, stating:
Whether or not P.M. could be held criminally responsible under § 2602 is irrelevant to the proceeding here. It is the act in question which is critical; a delinquent act is an act designated a crime. The requirement of specific intent does not alter the nature of the act upon which the definition is predicated. P.M. would have the court equate "delinquent act" with "an act for which the juvenile actor could be criminally convicted." This would largely frustrate the purposes of Chapter 12, Title 33, and contravene the plain meaning [of] the statutory definition.
(Emphasis in original.)
Following the merits hearing, the court found P.M. guilty of having committed a delinquent act. The court pointed out that the case concerned sexual conduct between an adolescent and a child, not between adolescents. Based on the age disparity of the participants and other factors, the court concluded that P.M. committed acts that would have constituted lewd and lascivious conduct had he been in adult court. P.M. was placed on juvenile probation and required to participate fully in and successfully complete a sexual therapy and education program. On appeal, P.M. contends that (1) § 2602 does not criminalize sexual conduct between two consenting children under the age of sixteen, and (2) the trial court erred in prohibiting defense counsel from inquiring into allegations that M.C. had falsely accused others of engaging in sexual activity with her.

II.
P.M. first argues that the statute proscribing lewd or lascivious conduct with a child under sixteen, § 2602, was intended to punish only persons over sixteen; therefore, P.M. was not guilty of committing a delinquent act. We disagree. Under 33 V.S.A. § 632(a)(3), a "delinquent act" is "an act designated a crime under the laws of this state." 13 V.S.A. § 2602 makes it unlawful for "a person" to "wilfully and lewdly commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of such person or of such child." Under the plain language of the statutory provisions, P.M. could be found guilty of having committed a delinquent act.
P.M., however, argues that unless we construe the term "a person" as "a person over sixteen years of age," we must make the following two "preposterous" assumptions: (1) the Legislature intended to punish children who engage in consensual lewd or lascivious acts with other minors more severely than those children who engage in consensual sexual intercourse with other minors; and (2) the Legislature intended to make all adolescent "petting" a five-year felony. In support of this contention, P.M. points out that when the Legislature enacted § 2602, there was a rape statute in place providing that if a person under the age of *864 sixteen "carnally knows" a female under age sixteen with her consent, both persons were guilty of committing a misdemeanor and could be sent to reform school. See 13 V.S.A. § 3202 (repealed in 1977).[2] Thus, according to P.M., a broad interpretation of the term "a person" in § 2602 would mean that two children engaging in consensual sexual intercourse could only have been sent to reform school, while two children engaged in "petting" could be sentenced to five years in prison for engaging in lewd or lascivious conduct.
We do not find P.M.'s reasoning to be persuasive. First, we agree with the trial court that the crucial inquiry is whether the act committed is designated a crime under a statute, not whether the juvenile could be criminally prosecuted under the statute. P.M. was not prosecuted under § 2602; rather, he was charged with being a delinquent child. Thus, the fact that the penalty for engaging in lewd or lascivious conduct with a child under § 2602 is greater than the penalty given to minors engaging in consensual sexual intercourse is irrelevant. Second, we agree with the State that the disparity between the penalties in the two provisions is reconciled by recognizing that former § 3202 addressed situations involving consensual sexual activity between minors, while § 2602 concerns situations where a child is sexually exploited by another person.
Noting that the Model Penal Code's "Corruption of Minors and Seduction" provision imposes liability on a person, regardless of age, who initiates sexual contact with a child four or more years younger and under the age of sixteen, Model Penal Code and Commentaries § 213.3 comment 2, at 385-86 (1980), P.M. concedes the desirability of a provision penalizing the exploitation of children by experienced adolescents, but claims that § 2602 is not such a statute and cannot be construed in such a manner. We believe that age differential is an important factor that may and should be considered by the trial court. Here, P.M. is six years older than the victim. In determining what constitutes lewd or lascivious conduct, this Court has deferred to common-sense community standards. State v. Purvis, 146 Vt. 441, 443, 505 A.2d 1205, 1207 (1985). Under the facts of this case, considering the age disparity of the participants, § 2602 is sufficiently certain to inform a person of reasonable intelligence that the conduct engaged in by P.M. is proscribed. Cf. id. at 442-43, 505 A.2d at 1206-07 (statute proscribing open and gross lewd or lascivious conduct is sufficiently certain to inform a person of reasonable intelligence that intentionally exposing oneself from inside home to others outside home constitutes a violation of the statute); State v. Roy, 140 Vt. 219, 229-30, 436 A.2d 1090, 1095 (1981) (whether words "lascivious" and "lewd" are too vague to be applicable depends on particular facts presented).
P.M. insists that construing § 2602 to cover one child's sexual conduct with another offends public policy and fairness because the alleged perpetrator is a member of the protected class and, in a sense, might also be a victim. In support of this view, P.M. points to Planned Parenthood Affiliates v. Van de Kamp, 181 Cal.App.3d 245, 226 Cal.Rptr. 361 (1986), where the court overruled an attorney general opinion that applied a child-abuse reporting law to all sexual activity of minors under age fourteen regardless of whether the minors were victims of child abuse or merely engaging in voluntary sexual conduct. In considering whether a child under fourteen could be found delinquent for engaging in lewd or lascivious conduct with a child under fourteen in violation of California Penal Code, § 288, the court stated,
It does not appear that a minor under 14 may be found delinquent for violating section 288. Obviously, the typical offender under the section is an adult. In *865 a few cases, however, minors have been found delinquent for violating the statute, but the minors have all been over 14 and their victims substantially younger.... In In re James P. (1981) 115 Cal.App.3d 681, 171 Cal.Rptr. 466, a 15-year-old defendant was adjudicated delinquent for lewd conduct involving a 10-year-old victim.... None of these cases are instructive, as they do not involve a minor under 14 as the charged criminal actor.
....
... It is illogical to apply in a bright line fashion section 288 to the voluntary sexual conduct among minors who happen to fall under the age mandating protection from exploitive adults.
Id. at 274-75, 226 Cal.Rptr. at 376-77 (emphasis in original). The court, however, added the following footnote:
We can conceive of a hypothetical, sexually sophisticated 13-year-old who abuses a much younger child with the requisite criminal intent to exploit his or her sexual naivete. Under these circumstances, [the reporting statute] may well invoke section 288 notwithstanding our foregoing analysis. The conduct might then be reportable as child abusebut certainly the Attorney General's rule of reporting all under-14 sexual conduct does not permit a case-by-case analysis of the minor's mental state.... The situation of the sexually exploitive 13-year-old, however, is markedly different from the situation of two 13-year-olds acting without the necessary intent to exploit, but engaging in sexual behavior on a voluntary, nonexploitive basis.
Id. at 276 n. 14, 226 Cal.Rptr. at 377 n. 14 (emphasis in original). We see nothing in the California court's reasoning that contradicts our rationale here.
Based on the foregoing analysis, we decline to read a minimum age limit for perpetrators into § 2602. Cf. State v. Edward C., 531 A.2d 672, 673-74 (Me.1987) (thirteen-year-old male babysitter who had sexual intercourse with eight-year-old girl could be prosecuted for gross sexual misconduct under statute prohibiting "a person" from engaging in a sexual act with another person not a spouse and under fourteen). We recognize that the purpose of Vermont's juvenile provisions is not to punish juvenile offenders, but to provide for the protection and wholesome moral development of children who are victims and to provide treatment consistent with the public interest for children who have committed delinquent acts. 33 V.S.A. § 631(a). These goals can only be accomplished when children who have committed acts offensive to community standards and proscribed by our laws are held accountable for their actions so that they can be required to participate in appropriate treatment programs.

III.
P.M. next contends that the trial court erred by not allowing his counsel to inquire into allegations that M.C. had falsely accused others of engaging in inappropriate sexual conduct with her. We conclude that any error that might have been made was harmless under the circumstances.
During the merits hearing, defense counsel asked M.C.'s mother whether M.C. had ever accused others of sexually exploiting her. Upon the State's objection, the court asked for an offer of proof. Defense counsel stated that M.C. had accused four other people besides P.M., three of the four falsely; that there had been no police complaints regarding the incidents; and that family members would represent that, to the best of their knowledge, false accusations had been made. The court then stated that it would not allow defense counsel to get into that subject matter unless there was an offer of proof that would not require the trying of three new cases. Nonetheless, when M.C.'s brother was later called as a defense witness, the court allowed defense counsel to ask the witness why he believed M.C. would make up these kinds of accusations against P.M. The brother answered:
I don't know how to explain this. I justshe's made them to my cousins. *866 She's made them to my oldest cousin. She's made them to my youngest cousin. She's made them to a little boy at school that she doesn't even know. Why would she make them against [P.M.]? She made them against me. Why would she make them against [P.M.]? I guess
The State asked that the answer be stricken, but the court decided to allow the answer to remain on the record.
Inasmuch as P.M. had admitted a certain degree of sexual contact with M.C., and the court allowed testimony from M.C.'s brother that M.C. had falsely accused others, we conclude, without deciding whether the trial court erred, that P.M. suffered no undue prejudice as a result of the court's refusal to allow cross-examination of M.C.'s mother concerning alleged prior false accusations by M.C. See In re Estate of Laitinen, 145 Vt. 153, 159, 483 A.2d 265, 268-69 (1984) (exclusion of evidence is harmless if it can be shown that it was admitted at another time or in another form); cf. Dairyland Ins. Co. v. Holder, 641 P.2d 136, 139 (Utah 1982) (exclusion of statement was harmless because plaintiff failed to show that introduction of excluded testimony would have enhanced its case).
Affirmed.
DOOLEY, Justice, dissenting.
P.M. was adjudicated a delinquent because, at the age of fourteen, he engaged in conduct with an eight-year-old girl that the trial court determined to be "lewd or lascivious." 13 V.S.A. § 2602 defines the crime upon which this delinquency proceeding is based, as follows:
A person who shall wilfully and lewdly commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of such person or of such child, shall be imprisoned not less than one year nor more than five years.
P.M. argued, both before the juvenile court and here, that he had not committed a criminal act because the statute was not intended to cover perpetrators under the age of sixteen. The trial court rejected the claim, noting "the ages and the relative positions of the two children." The majority affirms because it finds that the age differential can be determinative when combined with other factors. I conclude that the majority has created a new crime, which is not contained in the statute and cannot be fairly ascertained by those charged with it. Accordingly, I respectfully dissent.
I agree with the majority's assertion that "[u]nder the plain language of the statutory provisions, P.M. could be found guilty of having committed a delinquent act." Despite the lure of the "plain language," we must concede, as the majority does, that the statute cannot be construed as proscribing all sexual contact between juveniles. The main reason is the presence of another statute which existed contemporaneously with 13 V.S.A. § 2602 and provided, in part:
If a person under the age of sixteen years ... carnally knows a female person under the age of sixteen years with her consent, both persons shall be guilty of a misdemeanor, and may be committed to the [reform] school.
13 V.S.A. § 3202 (repealed in 1977).
Under a strict "plain language" analysis of the two statutes, a fifteen-year-old boy and a fifteen-year-old girl who engaged in consensual sexual intercourse were guilty of a misdemeanor, while children of the same age who engaged merely in consensual touching (i.e., "petting") were guilty of a felony facing up to five years imprisonment. While we generally interpret a statute in accordance with its plain meaning, there are occasional circumstances where we must reject the plain meaning. See Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49, 527 A.2d 227, 228 (1986) ("although application according to the plain language is preferred when possible, the letter of a statute or its literal sense must yield where it conflicts with legislative purpose"). This is one of those circumstances. Where two statutes concern the same subject matter, they are in pari materia and must be construed together. See, e.g., *867 Blundon v. Town of Stamford, 154 Vt. 227, 229-30, 576 A.2d 437, 439 (1990). We cannot construe two criminal statutes together so as to impose a greater penalty on less culpable conduct. See, e.g., State v. Watson, 138 Vt. 276, 280-81, 413 A.2d 806, 808 (1980) ("it is clear that the statutes cannot logically stand together.... [Viewed together] we would be led to the inescapable conclusion that, in the context of the same criminal act, the less culpable the state of mind possessed by a defendant, the greater his crime, and vice versa.").
It is important to recognize that the failure of the plain meaning approach distinguishes this case from many others involving similar statutes. Thus, in State v. Edward C., 531 A.2d 672, 673-74 (Me.1987), cited by the majority, the court declined to read a minimum age for perpetrators into a lewd or lascivious act statute because there was no reason to reject the plain and unambiguous meaning of the statute. See In re Pima County Juvenile Appeal No. 74802-2, 164 Ariz. 25, 31, 790 P.2d 723, 731 (1990); In re Paul C., 221 Cal.App.3d 43, 270 Cal. Rptr. 369 (1990).
Once we reject the plain meaning approach, the most logical way to reconcile the presence of the two statutes is to hold, as defendant argues, that the lewd or lascivious act statute does not apply to perpetrators who are themselves under sixteen years of age. The majority adopts an alternative that "the disparity between the penalties in the two provisions is reconciled by recognizing that former § 3202 addressed situations involving consensual sexual activity between minors, while § 2602 concerns situations where a child is sexually exploited by another person." I might accept the alternative if I could find support for it anywhere in the statute. Unfortunately, there is absolutely nothing in the language of § 2602 to limit culpability for "lewd or lascivious conduct ... upon a child under the age of sixteen years" to behavior which somehow evinces sexual exploitation. Nor can the statute be read to exclude situations involving consensual sexual activity between minors.[1]
In an effort to construe the statute as proscribing some but not all sexual conduct between juveniles, the majority endorses the trial court's laundry list of factors focused on the relative positions of the parties: P.M.'s "age, his own responsibility, and his recognition of [the victim's] vulnerability." We have consistently held that whether behavior is "lewd or lascivious" turns on the type of conduct involved, not on an ad hoc balancing of the relative positions of the parties or on indicia of some unspecified level of exploitation. See, e.g., State v. Purvis, 146 Vt. 441, 443, 505 A.2d 1205, 1207 (1985) (statute sufficiently certain to inform reasonable person that "this type of conduct is proscribed") (emphasis added); State v. Roy, 140 Vt. 219, 229, 436 A.2d 1090, 1095 (1981) (same). The problem here is not that the terms "lewd" and "lascivious" are themselves vague, but that, under the majority's approach, the same acts are punishable when performed by one minor but not another. When a prosecutor, a trial court, and ultimately a majority of the members of this Court find the age differential between the participants sufficient or find the presence of "exploitation" (without defining that concept)in short, when their sensibilities are sufficiently offended by the conductthey are willing to find delinquency, but otherwise not.[2] This is far too amorphous a standard on which to ground an adjudication of juvenile delinquency. See In re R.B., 134 Vt. 368, 369, 360 A.2d 77, 78 *868 (1976) (juvenile proceedings require all constitutional guarantees associated with traditional criminal prosecutions).
The void-for-vagueness doctrine "requires that penal statutes define a criminal offense with sufficient certainty so as to inform a person of ordinary intelligence of conduct which is proscribed, and such that arbitrary and discriminatory enforcement is not encouraged." State v. Cantrell, 151 Vt. 130, 133, 558 A.2d 639, 641 (1989); see also Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). I am unable to see how § 2602, as read by the majority, overcomes these difficulties: it both fails to inform reasonably intelligent people of proscribed conduct and invites arbitrary enforcement. Due process requires more.
I think it also relevant that the State wholly fails to respond to P.M.'s vagueness claim. In its brief, the State concedes: "Granted there are and will be situations in which children of approximately the same age participate in sexual exploration without any exploitation involved. However, whether a person is charged under 13 V.S.A. § 2602 is a matter of prosecutorial discretion." Discretion to prosecute persons who have committed crimes is one thing; prosecutorial discretion to decide whether conduct is criminal in the first instance is another. The latter invites arbitrary enforcement and contravenes the separation of powers inherent in our constitutional government. Vt. Const. ch. II, § 5. See Sheriff Washoe County v. Sferrazza, 104 Nev. 747, 749, 766 P.2d 896, 897 (1988) (statute requiring "immediate" reporting of suspected child abuse held unconstitutionally vague where "prosecuting authorities [have] unbridled discretion to determine whether a report of suspected child abuse was made quickly enough to satisfy the mandate" of the statute).
I agree with the majority that it is desirable for the state to penalize the exploitation of children by experienced adolescents. There are numerous models for this kind of law. The Model Penal Code suggests one avenue for legislative action, penalizing sexual contact where there is a significant age differential between the youths. Model Penal Code §§ 213.3(1)(a), 213.4(6) (1980).[3] Other jurisdictions have adopted statutes along these lines. See, e.g., N.Y. Penal Law §§ 130.30, 130.55 (McKinney 1987); Wash.Rev.Code Ann. §§ 9A.44.073-9A.44.089 (1991). These are models, however, for legislative, and not judicial, action. The desirability of legislation in an area is never grounds for us to adopt it by fiat.
In the absence of action by the legislature, I would limit the prohibition of § 2602 to perpetrators of age sixteen and over. See State v. Downey, 476 N.E.2d 121, 123 (Ind.1985) (court may cure unconstitutional vagueness by giving statute "a narrowing construction to save it from nullification, where such construction does not establish a new or different policy basis and is consistent with legislative intent"). Accordingly, I dissent. I am authorized to state that Justice Morse joins in this dissent.
NOTES
[1] § 2602. Lewd or lascivious conduct with child

A person who shall wilfully and lewdly commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of such person or of such child, shall be imprisoned not less than one year nor more than five years.
[2] § 3202. Rape by person under sixteen

If a person under the age of sixteen years unlawfully and carnally knows a female person under the age of sixteen years with her consent, both persons shall be guilty of a misdemeanor, and may be committed to the Weeks school. A person under the age of sixteen years who unlawfully and carnally knows any female person by force and against her will shall be punished as provided in section 3201 of this title.
[1] The majority also relies on the ground that the crucial inquiry is whether the act committed is designated a crime under a statute, not whether the juvenile could be held criminally responsible under the statute. Even if I accept it, this analysis leaves unaddressed the fundamental questionwhether the act constitutes lewd or lascivious conductand offers no support for the conclusion that P.M.'s act was tantamount to a violation of § 2602.
[2] Other jurisdictions have adopted provisions specifically addressing the age differential between perpetrator and victim and the exploitative nature of the act. See, e.g., Wash.Rev.Code Ann. § 9A.44.096 (1990) (proscribing sexual contact with a person at least sixteen years old but less than eighteen years old "if the perpetrator is at least sixty months older than the victim, is in a significant relationship to the victim, and abuses a supervisory position within that relationship in order to engage in sexual contact with the victim").
[3] § 213.4(6) provides:

A person who has sexual contact with another not his spouse, or causes such other to have sexual conduct with him, is guilty of sexual assault, a misdemeanor, if:
. . . .
(6) the other person is less than [16] years old and the actor is at least [four] years older than the other person.
Brackets in original indicate that the adoptive state may choose the appropriate age limitations.