*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-255

DECEMBER TERM, 2013

| | |
|---|---|
| In re E.B., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 1-1-13 Bnjv |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

E.B. appeals from an order of the superior court, family division, granting the State's delinquency petition based on her having engaged in a sexual act with her younger half-sibling without his consent. We affirm.

In January 2013, the State filed a delinquency petition alleging that between August 2004 and August 2011 E.B., born in January 1998, engaged in a sexual act with her half-brother D.C., born in August 2000, without his consent as prohibited by 13 V.S.A. § 3252(a)(1). The affidavit accompanying the petition described sexual contact between the half-siblings that was reported by D.C. in a December 20, 2012 police interview, including two incidents approximately two years earlier in which E.B. allegedly caused D.C. to perform sexual acts without consent.

A merits hearing was held in May 2013 with respect to both the delinquency petition and a previously filed petition alleging that E.B. was a child in need of care or supervision (CHINS). Four witnesses testified at the hearing: D.C.'s former therapist, D.C., the children's mother, and the police investigator who had conducted the December 20, 2012 interview with D.C. A recording of that interview was also admitted into evidence and is part of the record on appeal. Among others things, D.C. testified about two incidents that were described in the December 20 interview and formed the basis for the State's delinquency petition.

On June 11, 2013, the superior court announced its decision from the bench. The court determined that the State had proven beyond a reasonable doubt that one of the two sexual acts which were the subject of the State's evidence had occurred. The court acknowledged that there were inconsistencies between D.C.'s trial testimony and what he had reported during the December 20 interview, but concluded that those inconsistencies regarding the details of exactly what had occurred could be attributed to memory issues or different ways D.C. chose to describe what took place. With regard to one of the sexual acts involving contact between D.C.'s penis and E.B.'s anus, the court determined that D.C.'s testimony was consistent and credible as to the occurrence of the act itself. As a matter of credibility, the court also acknowledged, but rejected, the defense theory that D.C. reported the acts two years after the fact because E.B. had told their mother that she saw him masturbating while viewing pornographic material.

Regarding the issue of consent, the court found that the testimony "was certainly not quite as perhaps clear or strong as it could be in some cases," but that the State's burden was met through the general manner in which the incident occurred and the age difference and roles of the two participants. The court also noted as "a secondary theory" that E.B.'s false offer of money to D.C. to perform the acts she desired amounted to a form of trickery that played a role in inducing D.C. to perform the act in question. Accordingly, the court found the State's delinquency petition proven beyond a reasonable doubt. The court then dismissed the CHINS petition, concluding that the State had failed to prove a lack of proper parental care or that the mother knew, or should have known, of the sexual contact between E.B. and D.C. before D.C. reported it to her and she reported it to D.C.'s therapist.

On appeal, E.B. focuses exclusively on the consent element contained in § 3252(a)(1), which makes it a crime for a person to "engage in a sexual act with another person and compel the other person to participate in a sexual act . . . without the consent of the other person." E.B. first argues that neither participant in the sexual act found by the court could have violated § 3252(a)(1) because both were under the age of fifteen and thus legally unable to consent to the act. According to E.B., because she was unable to conform her conduct to the requirements of the law, she lacked the capacity to commit an act prohibited by § 3252(a)(1). We disagree.

Section 5204(a)(10) of Title 33 explicitly provides that when a delinquency petition has been filed, the family division of the superior court may transfer jurisdiction to the criminal division if a child between the ages of ten and fourteen is alleged to have committed a delinquent act prohibited by certain designated statutes, including § 3252(a)(1). E.B. argues that this statute concerns only the proper jurisdiction and "does not seek to define any crime or to amend the age of consent." In support of this argument, E.B. cites State v. Hazelton, 2006 VT 121, ¶ 36, 181 Vt. 118, in which we concluded that the statutory definition of consent contained in 13 V.S.A. § 3251(3) does not clearly and unambiguously change the common law rule that minors cannot consent to engage in sexual acts. We find this argument unpersuasive. Section 3252(a)(1) provides that "no person" shall compel another person to participate in a sexual act without consent. It does not limit the age of the perpetrator. Moreover, § 5204(a)(10) plainly anticipates that children between the ages of ten and fourteen who are charged with delinquency based on having committed a sexual act without the consent of the putative victim may be adjudicated as delinquent in the family division (and may in fact be convicted of a crime in the criminal division).[*]

This result is consistent with our existing case law. In In re P.M., 156 Vt. 303, 306-07 (1991), we held that a fourteen-year-old adjudicated as delinquent for having committed a lewd-and-lascivious act upon the body of a child under sixteen years of age in violation of 13 V.S.A. § 2602 was "a person" under the plain and ordinary meaning of the statutory language and thus "could be found guilty of having committed a delinquent act" for having violated § 2602. We emphasized that because the case concerned a delinquency proceeding, "the crucial inquiry" was whether the act committed by the juvenile was "designated a crime under a statute, not whether the juvenile could be criminally prosecuted under the statute." Id. at 307. As in § 2602, § 3252(a)(1) prohibits "[a] person" from engaging in a sexual act with another person without

---

[*] For example, a fourteen-year-old boy who takes sexual advantage of an intoxicated sixteen-year-old girl could be charged under § 3252(a)(1) as either a juvenile or an adult. His age would be no defense. Nor would his age be a defense if he engaged in the same acts with an unconscious girl his own age.

that person's consent. Similarly, in In re G.T., 170 Vt. 507, 518 (2000), we recognized that in the case of otherwise consensual sexual interactions, persons under the age of consent themselves could not be charged with violating the subsection of § 3252 codifying common law prohibitions against statutory rape. We were clear that our holding would not affect situations where a prosecutor charges "nonconsensual or coerced sexual acts between persons under the age of sixteen, conduct that is a crime under 13 V.S.A. § 3252(a)(1)." In short, both statutory and case law permit an adjudication of delinquency against child perpetrators alleged to have violated § 3252(a)(1).

E.B. also argues that the superior court's findings do not support its conclusion that she engaged in the charged sexual act without D.C.'s consent. Again, we disagree. The court reviewed D.C.'s statements in the police interview that was admitted into evidence and heard D.C's testimony at the delinquency hearing. That evidence indicated that E.B., who was two and one-half years older than ten-year-old D.C., directed D.C. in every aspect of the sexual act, including her removal of clothing and initiating the contact that constituted the unlawful act. D.C.'s description of what occurred indicated that he was essentially a passive player who was encouraged to participate in the act through physical manipulation and false offers of payment. D.C. spoke in the police interview in general terms of E.B making him do things, and he also stated that E.B. told him not to tell anyone because he would get in trouble and no one would believe him. Notwithstanding the court's comment that the evidence on consent was not as strong as it could be in other cases, its findings concerning the age difference and contrasting roles of the participants, and particularly the manner in which the act occurred, provides adequate support for its conclusion that the State had proved lack of consent beyond a reasonable doubt.

Finally, we find no merit to E.B.'s argument that, although the court purported to use a beyond-a-reasonable-doubt standard, it in fact employed a lesser standard, as evidenced by its comment that the evidence on consent could have been stronger. The record demonstrates that the superior court was well aware of the correct standard of proof, and, as indicated above, its findings support its conclusion that the State proved lack of consent beyond a reasonable doubt.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice

3