## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 44513/44514

| | | |
|---|---|---|
| In the Interest of: JOHN DOE (2016-41) and (2016-42), a Juvenile Under 18 Years of Age. | ) ) ) | |
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 509 |
| | ) | |
| Petitioner-Respondent, | ) | Filed: June 29, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JOHN DOE (2016-41) and (2016-42), | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge. Hon. Stephen L. Calhoun, Magistrate.

Order of the district court on intermediate appeal, affirming the order of the magistrate, affirmed.

Nolta Law Office, PLLC; Paige M. Nolta, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

John Doe appeals from the district court's order on intermediate appeal affirming the order of the magistrate. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves Doe's conduct with S.T. and M.S., respectively. At the time the conduct occurred, Doe was twelve years old; S.T. and M.S. were both eleven years old; and Doe, S.T., and M.S. all lived in the same apartment complex. The State charged Doe with two counts of lewd conduct with minor child under sixteen, Idaho Code § 18-1508. Before trial, the

1

magistrate excluded witnesses from observing the testimony of other witnesses pursuant to Idaho Rule of Evidence 615(a).

S.T. testified that Doe took her into some bushes. Doe told S.T. to pull down her pants, and he pulled down his pants. She did not want to pull down her pants but pulled them down because Doe told her to do so. Doe took S.T. by the waist, put his penis in her vagina, and kissed her. She did not want Doe to kiss her. When S.T.'s brother came home, Doe told her to pull up her pants and go home. Doe testified that after he and S.T. went into some bushes, he asked her if she wanted to have sex, and she agreed. They pulled down their pants, and Doe's penis touched S.T.'s vagina. When Doe heard a car coming, he told S.T. to pull up her pants and go home. A doctor that examined Doe testified that Doe could misinterpret whether a girl wanted to have sex, could be attracted to young girls, lacked self-control, understood what aroused him, exhibited aggressive and manipulative behaviors, and admitted he had an erection when he had contact with S.T.

At trial, M.S. testified that she and Doe were watching television in Doe's living room when he asked her if she wanted to watch a movie and play a video game in his room. She agreed and they went to Doe's room. Doe asked M.S. if she wanted to have sex, and she said she did not. M.S. tried to leave, but Doe grabbed her. She told Doe to let her go, but he pushed her against the bed and pulled her pants down. M.S. pulled her pants up, and Doe said he would punch M.S. if she pulled her pants up. Doe pulled her pants back down and put his penis in her vagina. M.S. eventually pushed Doe off, pulled up her pants, and walked away quickly. A doctor testified that he did not observe a hymen when he examined M.S. Doe testified that he and M.S. never had any physical contact. The magistrate found M.S.'s testimony credible.

The magistrate found Doe guilty on both counts of lewd conduct. Doe appealed, and the district court affirmed the magistrate. Doe timely appeals the district court's decision.

## II.

## ANALYSIS

Doe argues there should be a consent exception to I.C. § 18-1508 for juvenile offenders of approximately the same age, there was not sufficient evidence that he committed lewd conduct with either of the victims, and the magistrate abused its discretion in excluding his expert witness from observing trial testimony. For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the

2

same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## A.    Consent

Doe argues there should be a consent exception to I.C. § 18-1508 for juvenile offenders of approximately the same age. The magistrate dismissed this argument, stating: "[Y]our client has admitted committing the acts [with S.T.]. Consent is not a defense." The district court likewise disagreed, stating:

> While this Court is cognizant of the argument being made, I.C. § 18-1508 does not classify levels of lewd and lascivious conduct based upon the age of the perpetrator and victim, nor is it part of the prosecution's burden to establish the victim did not consent to the act alleged. The argument made by [Doe] is an issue to be addressed by the legislature, thus, the Court cannot reverse the findings made by the magistrate court on this basis.

We agree with the magistrate and district court. Our Supreme Court has definitively addressed this issue. As the Supreme Court held in *State v. Herr*, 97 Idaho 783, 787, 554 P.2d 961, 965 (1976) (superseded by statute on other grounds) and affirmed in *State v. Oar*, 129 Idaho 337, 340, 924 P.2d 599, 602 (1996), consent cannot be a defense to I.C. § 18-1508 because a child under sixteen cannot, as a matter of law, give consent.[1] Moreover, "It is the province of the

---

[1]    The only case Doe cites in support of his argument is *In re P.M.*, 592 A.2d 862 (Vt. 1991). In that case, the court stated: "We believe that age differential is an important factor that may and should be considered by the trial court." *Id.* at 864. However, the *In re P.M.* court ultimately declined "to read a minimum age limit for perpetrators into [Vermont's statute proscribing lewd or lascivious conduct with a child under sixteen]." *Id.* at 865.

Idaho legislature, not the courts, to define the elements of a crime." *State v. Nevarez*, 142 Idaho 616, 620, 130 P.3d 1154, 1158 (Ct. App. 2005).[2]

Doe also argues that if he was an adult and committed the acts with a victim less than one year younger, it would not be a crime. Thus, he contends the court lacked jurisdiction. Doe does not cite any authority that actually supports his argument. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

**B.      Sufficiency of the Evidence**

Doe argues there was not sufficient evidence that he committed lewd conduct with either of the victims. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Doe first argues substantial evidence did not support the magistrate's finding that Doe acted with the requisite intent to commit lewd conduct with S.T. To be guilty of lewd conduct with a minor child under sixteen, a person must act "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party." I.C. § 18-1508. The magistrate found that Doe acted with the requisite intent to commit lewd conduct with S.T. Regarding Doe's contact with S.T., the magistrate stated: "[The doctor] testified it was done for sexual gratification, [Doe] was aroused, he had an erection." Substantial evidence supported this finding. A doctor that examined Doe testified that Doe understood what

---

[2]      We note that, even if I.C. § 18-1508 contained a consent exception for juvenile offenders of approximately the same age, testimony at trial indicated neither of the victims consented to Doe's conduct.

aroused him and admitted he had an erection when he had contact with S.T. Because substantial evidence supported the magistrate's finding, we refuse to disturb that finding on appeal.[3]

Doe next argues substantial evidence did not support the magistrate's finding that Doe committed lewd conduct with M.S. Doe points to inconsistencies in M.S.'s testimony that he asserts undermine M.S.'s credibility and the magistrate's finding that Doe committed lewd conduct with M.S. The magistrate found that M.S.'s testimony was credible. The magistrate stated:

> [T]here are some inconsistencies [in M.S.'s testimony], but it's not unusual to have inconsistencies. . . .
> I have listened to all the testimony, and I am convinced that she was telling the truth. The inconsistencies are not such that I think that it negates that. . . . And so I'm also going to find [Doe] guilty of lewd conduct [with M.S.].

We hold substantial evidence supported the magistrate's finding that Doe committed lewd conduct with M.S. According to M.S., Doe asked her if she wanted to have sex, and she said she did not. M.S. tried to leave, but Doe grabbed her. She told Doe to let her go, but he pushed her against the bed and pulled her pants down. M.S. pulled her pants up, and Doe said he would punch M.S. if she pulled her pants up. Doe pulled her pants back down and put his penis in her vagina. The magistrate found M.S.'s testimony credible, and we refuse to substitute our view for that of the magistrate. In addition, the doctor that examined Doe testified that Doe could misinterpret whether a girl wanted to have sex, could be attracted to young girls, lacked self-control, and exhibited aggressive and manipulative behaviors. Although Doe testified that he and M.S. never had any physical contact, substantial evidence supported the magistrate's finding that Doe committed lewd conduct with M.S which we will not disturb on appeal.

## C. Abuse of Discretion

Doe argues the magistrate abused its discretion in excluding Doe's expert witness from observing trial testimony. According to Doe, "In these matters, especially in the [case regarding Doe's conduct with M.S., which] was entirely based on testimony of a child who changed her story dramatically, it was imperative to the defense that an expert in forensic interviewing be allowed to watch the testimony."

---

[3] Doe appears to contend that a mistake of fact as to whether consent was given negated intent. First, the issue of consent has been addressed above. Second, his argument overlooks the actual intent requirement.

5

Idaho Rule of Evidence 615 states:

> At the request of a party the court may order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of . . . a person whose presence is shown by a party to be essential to the presentation of the party's cause.

A trial court's decision about whether to exclude witnesses from trial under I.R.E. 615 is discretionary. *See State v. Huntsman*, 146 Idaho 580, 589, 199 P.3d 155, 164 (Ct. App. 2008). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason.[4] *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). The purpose of I.R.E. 615 is to allow courts to prevent witnesses from "shaping their testimony to conform to or to rebut the prior testimony of other witnesses." *Huntsman*, 146 Idaho at 589, 199 P.3d at 164. Expert opinion is admissible "up to the point where an expression of opinion would require the expert to pass upon the credibility of witnesses." *State v. Hester*, 114 Idaho 688, 696, 760 P.2d 27, 35 (1988).

> The magistrate refused Doe's request to allow his expert to observe trial testimony.

> | Magistrate: | Witnesses are all out of the courtroom, and I will for the record enter an order excluding them until after they have testified. |
> |---|---|
> | Trial counsel: | I did want to make note, your Honor, that I did want my expert witness . . . to sit in at least through the detective's and the girls' testimony, and that we discussed that before we went on the record. |
> | Magistrate: | And I agreed with the State that he should be excluded. |

The district court held the magistrate did not abuse its discretion, stating:

> There is nothing in the record which establishes the trial court abused his discretion by failing to allow [Doe's expert witness] to stay in the courtroom while the victim testified. As an expert, [he] could testify regarding the issue at hand, but the ultimate issues of credibility of the witness was to be determined by the fact finder. Therefore, the Court did not err in granting the State's motion to exclude witnesses.

---

[4] We note that Doe failed to address these factors. Our Supreme Court has held that such a "conclusory argument is 'fatally deficient.'" *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017) (quoting *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016)).

We agree. Doe only asserts his expert's presence in the courtroom was necessary for the expert to comment on the credibility of other witnesses. As the credibility of witnesses is a matter solely within the province of the trier of fact, Doe's argument falls short of demonstrating his expert's presence in the courtroom during the testimony of other witnesses was essential to the presentation of his cause. Moreover, the purpose of I.R.E. 615 is to allow courts to prevent witnesses from "shaping their testimony to conform to or to rebut the prior testimony of other witnesses." *Huntsman*, 146 Idaho at 589, 199 P.3d at 164. Allowing Doe's expert to observe trial testimony and then comment on the credibility of that testimony would frustrate the purpose of I.R.E. 615. Accordingly, Doe has failed to demonstrate that the magistrate abused its discretion in excluding Doe's expert witness from observing trial testimony.

## III.

## CONCLUSION

Consent is not an exception to I.C. § 18-1508, and whether there should be a consent exception to I.C. § 18-1508 for juvenile offenders of approximately the same age is an issue for the legislature. Further, sufficient evidence supported the magistrate's finding that Doe committed lewd conduct with both the victims. Finally, the magistrate did not abuse its discretion in excluding Doe's expert witness from observing trial testimony. We affirm the district court's order on intermediate appeal affirming the order of the magistrate.

Judge MELANSON and Judge HUSKEY **CONCUR**.