

**FILED**

Jul 14 2017, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.P., <br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner* | July 14, 2017 <br><br> Court of Appeals Case No. <br> 85A04-1702-JV-383 <br><br> Appeal from the Wabash Circuit Court <br><br> The Honorable Robert R. McCallen, II, Judge <br><br> Trial Court Cause No. <br> 85C01-1610-JD-52 |

**Vaidik, Chief Judge.**

# Case Summary

D.P. appeals his adjudication as a juvenile delinquent based on the juvenile court's finding that he committed an act that would be Level 4 felony child molesting if committed by an adult. He argues that the evidence is insufficient. Based on the evidence presented at the fact-finding hearing, we do not believe that a reasonable factfinder could find beyond a reasonable doubt that D.P. touched or fondled the victim with the intent to arouse or satisfy sexual desires. We therefore find that the evidence is insufficient to support the true finding for Level 4 felony child molesting.

# Facts and Procedural History

In August 2016, the Department of Child Services contacted the Wabash City Police Department about child-molesting allegations that four-year-old B.M. had recently made against ten-year-old D.P. B.M.'s father and D.P.'s mother lived together, and on the weekends B.M. would visit her father, which is where the molestations allegedly occurred. B.M. made the allegations during a videotaped interview at the Child Advocacy Center in Marion, Indiana. As D.P. acknowledges on appeal, B.M. made very specific and incriminating allegations against him in the videotaped interview, *see* Appellant's Br. p. 6, but this video was not admitted into evidence at the fact-finding hearing under our Protected Person Statute. *See* Ind. Code § 35-37-4-6.

[3]     In October 2016, the State filed a petition alleging that D.P. was a delinquent child for committing acts that would be Level 3 felony child molesting (sexual intercourse or other sexual conduct) and Level 4 felony child molesting (fondling or touching with intent to arouse or satisfy sexual desires) if committed by an adult.

[4]     A fact-finding hearing was held in December 2016. Four-year-old B.M. testified at the hearing. As the juvenile court later explained, B.M. was "very young" and testifying was "difficult" for her. Appellant's App. Vol. II p. 44. B.M. testified that, on one occasion, D.P. told B.M. to "come here." Tr. Vol. II p. 20. He then touched B.M. on her "hooha" and her "butt" with his "hand." *Id.* at 20-21; *see also* Ex. 1 & 2.[1] B.M. identified her "hooha" as the genital area on an anatomical drawing of a little girl by drawing a circle. *See* Tr. Vol. II pp.

---

[1] In its fact-finding order, the juvenile court noted that B.M. pointed to D.P.'s "penis" area when describing the touching that occurred, but this is not clearly reflected in the testimony. For example, the following exchange at the fact-finding hearing does not reflect which body parts B.M. was referring to:

> THE COURT:   Did he touch you right where Mr. Plummer's pointing now? Okay.
>
> Q:       Both places? You have to say yes or no.
>
> A:       Yes!

Tr. Vol. II p. 23. Accordingly, when setting forth the facts in its brief, the State does not allege any touching involving D.P.'s penis. *See* Appellee's Br. p. 5 (Statement of the Facts). Rather, the State alleges that D.P. touched B.M.'s "hooha" and "butt" with his "hand."

18-21; Ex. 1. B.M. had her clothes on at the time and did not feel the touching. Tr. Vol. II pp. 23, 26.[2]

[5] The juvenile court found the Level 4 felony child molesting allegation true (but not the Level 3 felony) and adjudicated D.P. a delinquent child. The court held a dispositional hearing in February 2017 and ordered D.P. to serve ten days in a detention facility and placed him on probation for twelve months.

[6] D.P. now appeals.

# Discussion and Decision

[7] D.P. contends that the evidence is insufficient to support the true finding for Level 4 felony child molesting. Though juvenile adjudications are not criminal matters, when the State petitions to have a child adjudicated delinquent for an act that would be a crime if committed by an adult, due process requires the State to prove its case beyond a reasonable doubt. *S.M. v. State*, 74 N.E.3d 250, 253 (Ind. Ct. App. 2017). When reviewing whether the State's evidence was sufficient to meet its burden, our standard is familiar. *Id.* We view the facts and the reasonable inferences from them in the light most favorable to the true finding. *Id.* We neither reweigh the evidence nor re-evaluate witness

---

[2] B.M. also said that D.P. "humped" her, but B.M. described this as "hugging." Tr. Vol. II pp. 31-34. The State called another child to testify at the fact-finding hearing, five-year-old S.L. S.L. testified that she saw D.P. and B.M., who were wearing clothes, watch a movie using a blanket one time. *Id.* at 43.

credibility. *Id.* We will affirm unless no reasonable fact-finder could have found the elements of the crime proven beyond a reasonable doubt. *Id.* We may affirm the judgment even if it is supported by only the uncorroborated testimony of the victim. *Id.*

[8] To sustain the true finding that D.P. committed an act that would constitute Level 4 felony child molesting if committed by an adult, the State was required to prove beyond a reasonable doubt that D.P., with a child under fourteen years of age (B.M.), performed or submitted to fondling or touching with the intent to arouse or satisfy the sexual desires of either B.M. or himself. Ind. Code § 35-42-4-3(b); Appellant's App. Vol. II pp. 46-47. We find that on this sparse record, the State has failed to prove beyond a reasonable doubt that the touching or fondling was committed with the intent to arouse or satisfy sexual desires.

[9] In *T.G. v. State*, 3 N.E.3d 19, 24 (Ind. Ct. App. 2014), *trans. denied*, we held that "it is unreasonable to infer intent to satisfy or arouse sexual desire solely from the fact that [a] child intentionally touched another child's genitals" given that children may experiment by looking at and touching another child's genitals. Accordingly, we said that other circumstances must be present that indicate such intent. In that case, we found "several circumstances" that were relevant to whether T.G. touched the victim with the intent to arouse or satisfy his sexual desires:

> First, the ages of the children are relevant. T.G. was eleven years old. He is not a very young child. T.G. is significantly older than [the victim], who was only six. They cannot be considered

peers. The purpose of the child molestation statute "is to prohibit the sexual exploitation of children by those with superior knowledge or experience who are therefore in a position to take advantage of children's naivety." *C.D.H. v. State,* 860 N.E.2d 608, 612 (Ind. Ct. App. 2007), *trans. denied.* Also, "'age differential is an important factor that may and should be considered' when determining a minor's criminal liability under a statute proscribing lewd or lascivious conduct with a child." *Id.* (quoting *In re P.M.,* 156 Vt. 303, 592 A.2d 862, 864 (1991)). Second, T.G. had previously kissed [the victim] on the lips with an open mouth. Third, this was not the first time that he put his hand in her underwear and touched her genitals. Fourth, T.G. rubbed [the victim's] genitals, he did not simply touch them. Fifth, he told [the victim] to touch his penis, not once, but repeatedly.

*Id.* (footnote omitted). Given all these circumstances, we held that a reasonable factfinder could find beyond a reasonable doubt that T.G. touched or fondled the victim with the intent to arouse or satisfy his sexual desires. Accordingly, we affirmed T.G.'s true finding.

[10] One of the circumstances in *T.G.* is present in this case. That is, D.P. was ten years old and B.M. was four years old, resulting in a six-year age difference. But that is where the similarities between these cases end. At the fact-finding hearing, B.M. testified to only one incident of touching. That touching involved D.P. touching B.M.'s "hooha" and her "butt" with his "hand" while her clothes were on. Although B.M. identified her "hooha" as her genital area

on an anatomical drawing of a little girl by drawing a circle, *see* Ex. 1,[3] there was no evidence of exactly where D.P. touched B.M., how he touched her (for example, touching or rubbing), or how long he touched her. Moreover, B.M. did not feel the touching. And there was no evidence of any kissing or D.P. asking B.M. to touch him. While we acknowledge that B.M. was a young witness and there was great difficulty in procuring her testimony, we are restricted to the evidence presented at the fact-finding hearing. And based on that evidence only, we do not believe that a reasonable factfinder could find beyond a reasonable doubt that D.P. touched or fondled B.M. with the intent to arouse or satisfy his sexual desires. The evidence is therefore insufficient to support the true finding for Level 4 felony child molesting.

[11] Reversed.

Bailey, J., and Robb, J., concur.

---

[3] The circle B.M. drew also included the upper thighs and the lower stomach. *See* Ex. 1.